No. 15.—Augustus Bonaud, plaintiff in error, *vs*, Francis Sorrel, defendant in error.

[1.] Unliquidated damages cannot be pleaded by way of set off, either at law or in equity, unless there is some understanding between the parties express or implied, under which the defence can be let in; or some special case made by the Bill, as the insolvency, non residence of the Plaintiff &c.

In Equity, in Chatham Superior Court. Tried before Judge Fleming at June term 1856.

This bill was filed by Augustus Bonaud against Francis Sorrel, and alleges that on ·the 6th of June 1854, by Indentures of that date, defendant leased to complainant two stores with the cellars under them, in a building on Bay and Bull streets in the city of Savannah, for the term of three years from the 1st November 1854, for the annual sum of two thousand five hundred dollars. to be paid quarterly. That

complainant on said 1st November 1854 went into posses-
sion of the premises and occupied the same by himself or
under tenants until the 11th day of November 1855, paying
the rent therefor as it became due. That on this last men-
tioned day, a fire occurred in a part of the building not occu-
pied by complainant, doing considerable damage to a por-
tion of the roof, but little or no damage to that part of the
building or roof over the stores occupied by him, and that
said roof could have been repaired without incommoding
complainant in that portion of the building which he occu-
pied.

. The bill charges that notwithstanding this, and his objec-
tion and protest thereto, defendant proceeded to make exten-
sive repairs, additions and alterations in and to said premi-
ses, adding on a *fourth story* to the entire building and ex-
tending a new roof over the same: He alleges that said ad-
ditions were not necessary to his business, and that while
said work was going on his goods were exposed and injur-
ed, that the obstructions by brick, mortar and materials, and
the long continuance of the work, occasioned by said addi-
tions, resulted in serious loss and injury to his business, be-
ides the loss of rent from under tenants.

The damage thus occasioned, complainant estimates at
*four thousand dollars* more than sufficient to pay the whole
rent due or to become due for the residue of the term.

The bill further states that defendant has instituted suit
against him for the rent due for the quarter ending 1st Feb-
ruary 1856, and threatens other suits as said rent becomes
due. The bill prays that said suit be enjoined; that an ac-
count be taken of the damages which he has sustained by
the alleged wrongful and illegal acts of the defendant, and
an offer to pay any difference which may be found against
him.

Upon hearing the bill, verified by affidavit, Judge FLEMING
ordered an injunction to issue, 19th May, 1856.

The answer admitted the lease referred to in the bill, the

occupation of the premises by complainant, but denied that he had any authority to sublet the same or any part thereof, without defendant's *permission in writing*, which was never asked for or given; and that complainant's claim to damages from a loss of rent from sub-tenants is unfounded.

The answer further admits that a fire did occur as stated in the bill, and that a new roof and an additional story was put upon the said building, but denies, that the roof was put on by advice of defendant or at his suggestion, but the same was done at the instance of the agents of the Insurance companies, by whom said building was insured. That after said agents had decided to put on a new roof over the whole building, defendant admits, that he made a contract with a workman for the addition of *another story*, while said roof was off; as such addition at that time and under the circumstances could be done at one half the expense, that it could be afterwards done for, by having the entire roof to remove. But defendant denies that complainant sustained any injury from said repairs or the erection of said *fourth story;* that the time consumed in adding on said story was short, not more than three weeks; and that he offered to permit complainant to remove his stock of goods until the completion of said work, and to release him from all rent from the time of the fire until said repairs were finished, which complainant declined to do. He denies that complainant's goods were injured, or that he lost any customers or trade by the obstructions complained of, or that he is entitled to any account or any deduction from his rent. That he, defendant, is perfectly solvent and able to respond to any *judgment* which in a *Court of law* may be rendered against him: and refers in support of his answer to several affidavits, of the agents of the Insurance companies, and mechanics employed in the repairs of the house.

Upon the filing of said answer defendant's counsel moved for a dissolution of the injunction, and after argument had, the Judge granted the motion to dissolve the injunction and

dismissed complainant's bill with costs, and counsel for complainant excepted.

HARDEN & LAWTON, for plaintiff in error.

WARD & OWENS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Without reviewing the propositions laid down by the counsel for the plaintiff in error or the authorities by which he seeks to sustain them, we ask what equity is there in this bill?

The general rule is incontrovertible both at law and in equity that unliquidated damages, cannot be pleaded by way of set-off unless there is some understanding between the parties, express or implied, under which the defence can be let in, or some special case made by the bill, as the Insolvency, non-residence, &c. of the plaintiff: and nothing of this sort exists here. Indeed, we are at liberty to assume, what we suppose to be true in point of fact, that Sorrel resides in the city of Savannah; and is fully able to pay all damages which may be recovered against him by Bonaud.

And the remedy of Bonaud at law is not only full and adequate, but even more complete than in equity. He had nothing to do, but to bring his action for damages on account of the alleged disturbance of his lease; and long before a recovery could have been had for the rent, he could have had his judgment to meet the plaintiff's demands, that is, provided always, he was entitled to obtain a judgment.

We can see serious difficulty and mischief resulting from the course contemplated by this Bill. Before the last installment for rent falls due, Bonaud might be evicted under paramount title; and what then would be the condition of the decree against him, for the whole amount of the rent

present and prospective? Again, to show the injustice of such a procedure, blending a claim for rent with a claim for damages, Judge FLEMING, very pertinently proposes the interrogatory, suppose Bonaud succeeds in establishing his claim, to $4,000 for damages, ought he not to be allowed to collect it forthwith? And would it be right to deduct from that amount rent not yet due? And thus make the tenant pay in advance. So, on the other hand if you do not deduct it, Sorrel will be injured for otherwise how can he get it, as he is under an injunction not to sue?"

As to the other ground upon which the interposition of chancery is invoked, namely, that it will prevent a mulitplicity of suits, we do not feel its force. One suit will settle Bonaud's claim for damages: and by paying the rent as it falls due, quarterly suits at the instance of the landlord, will be entirely prevented.

It is supposed that the case in 2 *Schoals and Lefr'y* 403, *note*, is an authority in conflict with the general doctrine so strongly laid down by Chancellor Kent in 3 *Johns. ch. Rep.* 358, *ib.* 575, 576 ; 4 *ib.* 287 and by Chancellor Walworth in 8*th Paige* 597, that there is no case, to be found, where uncertain damages have been set off, growing out of a breach of covenant, there being no express or implied agreement growing out of the transaction, and no special cause shown. But in this very case, so confidently relied on, the arbitrators by their award ascertained the unliquidated damages And so Judge Story treats this exceptional case, in discoursing upon this subject. *(Eq. Jur. p.* 927 §. 1436 *note.*

Judgment affirmed.