HARRY CAMP, plaintiff in error, vs. JAMES M. PACE, administrator, defendant in error.

42  161
104  118
42  161
114  924
114  926

A Court of equity will entertain a bill, for the purpose of setting off a debt due on a dormant judgment, when a *scire facias* is pending to revive it, against a judgment which is not dormant, when the plaintiff in the latter judgment, and defendant in the former judgment is *insolvent*; and will enjoin the collection of the judgment which is not dormant until the dormant judgment shall be revived, unless some good legal reason be shown why the dormant judgment cannot be revived·
There was no error in the Court below in overruling the demurrer to the

complainant's bill, and this Court will not control the discretion of the Court below on the statement of facts contained in the record, in retaining the injunction until a trial can be had thereon.

Dormant Judgments.   Set-off.   Equity.   Before Judge GREEN.   Newton Superior Court.   September Term, 1870.

This cause was before this Court heretofore.   See Camp *vs.* Pace, 40th Georgia Reports, 45.   When the judgment of this Court was made the judgment of the Superior Court, Camp had his *fi. fa.* levied upon the intestate's property. Pace, as administrator, then filed this bill to enjoin said *fi. fa.* until the judgment in favor of his intestate could be revived, and praying that when it was so revived, Camp's *fi. fa.* should be paid by a credit of its amount upon the revived judgment.

Pace averred in addition to the facts stated in the 40th Georgia Reports, 45, *et seq.*, that notwithstanding his intestate's judgment was apparently against Camp as trustee, in fact, it was a judgment against Camp individually, and that Camp and the trust-estate of Camp's wife are both insolvent. The injunction was granted.   Camp answered that he was but a security on the dormant judgment which Pace was seeking to revive, and that Pace had allowed said judgment to become dormant, and had thereby given precedence to a judgment of Baker against said trust-estate, and thereby increased the risk of Camp as security on the unrevived judgment and thereby released him.   He denied any liability on said judgment except as security for said trust-estate.   He charged that when the trust-estate was good and could respond to him as trustee and security, he had offered to have his debt credited on intestate's judgment, but that it was not done, and Pace refused to allow it done, and therefore he claimed that Pace could not have it done now that said trust-estate is insolvent.   Further, he said that Pace was estopped by not setting up his defense in the original case against him, and by the fact that intestate took judgment against him, Camp,

as security, and that this matter is *res adjudicata* by the case in 40th Georgia Reports cited *ante.*

Upon the filing of this answer, Camp also demurred to the bill, because there was no equity in it, and, as appears by the face of the bill, the Supreme Court had decided against Pace's right to the relief prayed for, and thereupon Camp moved to dissolve the injunction upon the grounds stated in the demurrer, and upon the grounds that the answer had sworn off any equity in the bill. The Chancellor refused to dissolve the injunction and that is assigned as error.

A. B. SIMS, A. M. SPEER, for plaintiff in error, as to Camp's discharge as a security cited Irwin's Code, secs. 2126, 2130; 3d Kelly, 412, 249; 12th Ga., 276. The whole matter could have been settled at law: Irwin's Code, sec. 3027, and that adjudication at law bars this suit: Irwin's Code, secs. 2896, 3519; 16th Ga. R., 402; 40th Ga. R., 48.

CLARK & PACE for defendant.

WARNER, J.

There was no error in the judgment of the Court below in overruling the demurrer to the complainant's bill, or in refusing to dissolve the injunction until the final hearing of the cause, on the statement of facts contained in the record.

Let the judgment of the Court below be affirmed.