## HARWOOD vs. ANDREWS.

Where a man died indebted for medical services, and his wife converted his entire personal estate into money, and left the county with it, having no visible property, except a half interest in a house, also derived from her husband's estate, the value of which was estimated at from twenty-five to one hundred dollars, if she seeks to recover from the physician on a note given to her individually by him, equity will allow him to set off the amount of his account against the decedent, will adjudge her practically insolvent—out of reach of and inaccessible to legal process, and will prevent a recovery to the extent of the account thus set off; especially when she is the sole heir, and no other creditor of her husband appears in the case.   The same relief may be obtained under equitable pleadings in a court of law.

(a.) In cases of set-off, equity generally follows the law; but if it be of an equitable nature, courts of equity will take jurisdiction to enforce the set-off. In cases of insolvency, there are peculiar equities, which will be seized upon and enforced.

October 16, 1883.

Set-off. Equity. Husband and Wife. Executor *de son tort.* Insolvency. Before Judge SIMMONS. Crawford Superior Court. March Term, 1883.

Reported in the decision.

R. D. SMITH, for plaintiff in error.

DUNCAN & MILLER. for defendant.

JACKSON, Chief Justice.

The question made in this record is, whether the wife of a decedent, having sued the defendant—the plaintiff in error here—on a promissory note to her individually, the defendant can set off a claim for medical services due him by the husband, where the wife has sold all the personalty of the husband, and has thus become his executor *de son tort,* and is the sole heir of the husband, and has no property of her own which can be reached?

Harwood *vs.* Andrews.

The case was tried before the judge of the superior court as judge and jury, and a judgment was rendered for the plaintiff, and defendant excepted. The equitable plea of the defendant is in these words :

"And now comes the defendant, and for further plea says plaintiff ought not to recover, because he says that plaintiff is indebted to him in the sum of $123.00, in this, to-wit: that one J. W. Andrews died intestate on —— day of ——, indebted to defendant in the sum of $123.00 on account, as will fully appear from the annexed account. That there was no legal representation on his estate, and that the plaintiff, without authority of law, wrongfully converted to her own use the personalty of said J. W. Andrews, amounting in value to the sum of $1,000, whereby she became executor in her own wrong, and as such liable to this defendant in said sum, which said sum exceeds the amount of plaintiff's claim by the sum of $——, which claim defendant pleads as a set-off, and prays judgment for said excess against plaintiff; that said Mary Andrews is insolvent, and owns no property in her own right, or other property except what she obtained from and belongs to the estate of said John W. Andrews, deceased; that she has converted the estate of the said John W. into money, and has no visible property which can be reached by legal process, and would be unable to respond to defendant, if he should obtain judgment against her as executor *de son tort*, and this defendant will be remediless unless allowed to set-off his said account against the plaintiff's said claim."

To this plea the medical account is exhibited, and was proved to be correct.

The testimony is as follows, on the equitable plea: Defendant testified that the plaintiff, Mrs. Mary Andrews, is insolvent. She has no visible property, except a half interest in a small house in Knoxville, which belonged to her husband, and which she has taken possession of as his wife—not worth over fifty dollars.

H. D. McCrary testified: "I think Mrs. Mary Andrews is insolvent. She took possession of the property of John W. Andrews, her husband, after his death. She sold me the interest of John W. Andrews in the store for one thousand dollars. She converted all Andrews's estate into money, except a half interest in a house and lot in Knoxville. The house and lot, I suppose, is worth two hundred dollars. She has never re-invested the money, that I know

of. She has moved to Lee or Mitchell county, or some-where down there. She had no property except what she got from her husband's estate. She has always paid her accounts promptly."

The above is the entire testimony on the issue made by the plea. It was not stricken, but the evidence was admitted and heard in support of it. The court rendered judgment that the evidence did not support it. We are of the opinion that it did support it fully. It is true that one witness thought the plaintiff solvent; but the facts on which he bases that opinion show that she has not sufficient visible property to pay the claim set-off. The half interest in the house, in his opinion, is worth but $100. She has no ostensible property but that, and that, too, was her husband's. She has put all the personal estate into money; it cannot be reached. To all intents and purposes of being able to respond to a judgment and execution for the amount of this claim of defendant, she is insolvent. The process of the court cannot reach her money in her pocket; and such being the case, a judgment against her will do defendant no practical good, and he is remediless, unless his claim of set-off be allowed.

No party can be forced to go into a court of equity, where he can set up an equitable plea at law in this state. Had the defendant filed a bill in equity, alleging these facts, the chancellor would have sustained it, and granted relief. Why may not a common law court do the same thing? Code, §3082. In set-off, equity generally follows the law; but if it be of an equitable nature, the courts of equity take jurisdiction to enforce the set-off. Code, §3141. In cases of insolvency, there are peculiar equities which will be seized upon and enforced. 31 *Ga.*, 26, 33; 41 *Ib.*, 260, 262; 42 *Ib.*, 161.

It seems to us, where a man dies indebted for medical services, and his wife converts his entire personal estate into money, and leaves the county with it in her pocket, and has nothing visible except a half interest in a house,

derived, too, from her husband's estate, worth, according to one witness, $25.00, to another, $100.00, and seeks to recover from the doctor, on a note given to her individually, that equity, under such peculiar circumstances, will allow the plea of set-off, and will, for that purpose, adjudge her practically insolvent—and out of the reach of, and inaccessible to, legal process, and will prevent her recovery to the extent of the set-off of such on account; especially when she is the sole heir, and no other creditor of the husband appears in the record. And if equity will allow it, a court of law, under our statute cited above, will mould a like relief by set-off.

So that we think the judgment against the law and the evidence, and it must be set aside, and a new trial awarded. See Code, §2441; 19 *Ga*, 290; 30 *Ib.*, 557; 36 *Ib.*, 597; 2 *Ib.*, 304; 24 *Ib.*, 209; 38 *Ib.*, 264.

Judgment reversed.