McKleroy *vs.* Sewell.

McKLEROY *vs.* SEWELL

1. Where suit was brought on a physician's account for services and medicine, it might be pleaded that he did not do his work skilfully, or a plea of recoupment might be filed, springing out of the contract; but a plea of set-off, based on a tort in giving defendant too large a dose of medicine, which injured him to the amount of two hundred dollars, was not proper as matter of defence; nor does it matter whether the defendant was insolvent or not.

(*a.*) To state in a plea of set-off that an overdose of ipecac damaged a man $200.00, without stating wherein and how, is too loose, and does not set out the defence plainly and distinctly.

2. It is not a good ground of defence to an action on a physician's bill that the physician had been intoxicated in the past, if, after such intoxication, the patient kept the doctor as his family physician for years. If these facts did not amount strictly to an estoppel or waiver, a charge to that effect was not such error as hurt the defendant or required a new trial.

3. While it might have been well to admit the opinions of witnesses other than physicians, upon giving the facts and reasons for such opinions, yet, as the facts were all before the jury, it does not appear that the exclusion of such evidence worked an injury; especially when the opinion of no expert had been given in behalf of the plaintiff.

(*a.*) The verdict was supported by the evidence.

January 6, 1885.

Physicians. Pleadings. Set-off. Recoupment. Torts. Contracts. Waiver. Evidence Witness. Before Judge POTTLE. Madison Superior Court. March Term, 1884.

Sewell brought complaint against McKleroy on an account for services rendered as physician and for medicine furnished. Defendant filed, among other pleas, one to

v 73-43

the effect that, on August 15, 1880, the plaintiff went to his (defendant's) house in a state of intoxication, and administered medicine which caused him to vomit so vio·lently that he was seriously injured, and had been able to do but little work since; and that, by reason of this malpractice, defendant was damaged $200.00.

Plaintiff made out a *prima facie* case. Defendant testified that plaintiff went to his house several times in a state of intoxication; that at cne time he administered to defendant four cups of ipecac; but that he had frequently sent for him since as his family physician, to attend on himself, his wife and son.

Plaintiff recovered a verdict. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court struck the plea of set-off stated above, and refused to allow it to be amended by alleging the insolvency of the plaintiff.

(3.) Because, after allowing the defendant to testify to all of the facts as to the drunkenness and administering of ipecac by plaintiff, the court refused to allow him and another witness to give their opinions as to the unskilfulness of the practice, holding that unskilfulness by physicians could be proved only by physicians.

(4.) Because the court charged as follows: " If a man sends for a doctor, and the doctor treats the patient while he (the doctor) is intoxicated, and the patient afterwards calls in said doctor and continues to employ him, it would be a waiver of all objection to the doctor on account of his habit of intoxication."

The motion was overruled, and defendant excepted.

POPE BARROW; GEORGE D. THOMAS; R. H. KINNEBREW, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

On a careful examination of the transcript of the record in this case, we can see no error which demands a new trial. The case is suit on a physician's account for services, with medicine, rendered defendant for himself and family for a series of years. The account was admitted to be correctly transcribed from the doctor's books of original entry, and the services were proved by himself.

1. Complaint is made that set-off for tort in giving defendant too large a dose of medicine, which injured him to the amount of two hundred dollars, was not allowed by the court. There is no error in striking the plea. Tort cannot be set-off against contract. The defensive remedy is that the workman did not do his work skilfully, or recoupment springing out of the contract. It matters not whether the defendant was or was not insolvent. Mere set-off is not a good plea. Besides, the plea itself is too loose. The idea that an overdose of ipecac endamaged a man two hundred dollars, without stating in the plea wherein and how, is hardly plainly and distinctly setting out a defence.

2. Complaint is made that the judge instructed the jury, to the effect that if one calls in a physician and he is intoxicated, and yet afterwards he continues to employ him, the continuous employment amounts to a waiver of objection on account of the intoxication. In view of the evidence, the charge is not erroneous. The evidence is that, after the alleged intoxication sworn to by defendant, he sent for the doctor, who attended as well on his wife and son as on himself. Surely one cannot object to a doctor's bill on account of past intoxication, when he keeps him as his family physician for years afterwards; and whilst the facts may not amount strictly to estoppel or waiver, there is no such error as hurt defendant, so as to make a new trial necessary. The plaintiff ought to recover if defendant, knowing his habits, employed him as his family physician, and he rendered service as such.

3. Whilst it may have been well to admit the opinion of witnesses other than physicians, as to unskilful practice, under our Code, facts and reasons being given for such opinion, yet, as the facts were all before the jury, on which that body at last was to make its opinion in a verdict, we do not see how the exclusion of opinion by other witnesses hurt; especially when the opinion of no expert had been given in behalf of the plaintiff.

On the whole, it seems to us that the verdict is right on the law and evidence, and ought to stand, it being satisfactory to the very able and experienced judge who tried the case, despite any trifling errors which a hypercritical eye might discover.

Judgment affirmed.