## FOLLENDORE *v.* FOLLENDORE.

*Atkinson, J.*—1. Though the defendant in an action *ex delicto*, brought in a justice's court, may plead as a set-off a demand against the plaintiff arising *ex contractu*, where the latter is insolvent and unable to respond and the collection of the defendant's claim would otherwise be hazarded, yet, if the alleged insolvency is not proved, the plaintiff, upon making out his case, is entitled to recover, although he may admit the correctness and justness of the defendant's counter-claim. This follows from the general rule that a claim arising *ex contractu* cannot be set off against a claim arising *ex delicto*, except for special equitable reasons which must be made to appear.

2. In the present case there was no evidence of the insolvency of the plaintiff; and therefore the court did not err in overruling the *certiorari.*  *Judgment affirmed.*

March 23, 1896. Argued at the last term.

*Certiorari.*  Before Judge Hardeman.  Bibb superior court.  November term, 1894.

Trover was brought for the recovery of 150 pounds of meat. Judgment was rendered for defendant, and plaintiff appealed to a jury. Defendant pleaded a set-off, alleging that plaintiff was indebted to her upon two promissory notes for $14 and $15 respectively, besides interest; that plaintiff was utterly insolvent and unable to respond to any judgment which might be obtained against him, and if he were given judgment against defendant, her claim would be hazarded. Plaintiff testified, that he had placed in defendant's smoke-house three sides of meat to be smoked, the value of which was $15, and that he had never received the meat from her, though demanding the same often. On cross-examination, he testified that the notes set out in her plea were just and unpaid. These notes were introduced in evidence. The jury found for the plaintiff 150 pounds of meat or $15. By petition for *certiorari* defendant alleged that "said judgment was against the law and facts of the case, and without evidence to support it." The *certiorari* was dismissed, and defendant excepted.

*Wimberly & Felder*, for plaintiff in error.