HECHT *v.* SNOOK & AUSTIN FURNITURE CO.

1. The right of a defendant sued at law upon a cause of action ex contractu to set off against the plaintiff's demand damages arising ex delicto, on the ground that the plaintiff is insolvent or a non-resident, is a purely equitable right, in the enforcement of which is involved the granting of affirmative relief, and can not be recognized in a court in which the authority to entertain equitable defenses does not extend to any case where the defense is of a nature which not only requires the recognition of an equitable right, but, in order to enforce the same, the granting of affirmative relief; and this is so though the defense be based upon a right or demand purely legal.

2. It follows from the above that the city court of Atlanta has no jurisdiction to entertain a plea seeking to set off · a claim for damages arising ex delicto against a suit on a cause of action arising ex contractu, although the plaintiff may be a non-resident of this State.

Argued February 12, — Decided March 12, 1902.

Complaint. Before Judge Reid. City court of Atlanta. April 6, 1901.

*Hammond & Skeen* and *Spencer R. Atkinson,* for plaintiffs.
*Rosser & Carter* and *John L. Hopkins & Sons,* for defendant.

COBB, J. Samuel Hecht Jr. & Sons brought suit in the city court of Atlanta against the P. H. Snook & Austin Furniture Company upon an open account. To this action the defendant filed a plea "by way of counter-claim," alleging that the plaintiffs had damaged it in the sum of $15,000, by reason of an equitable petition which the plaintiffs and other creditors of the defendant had caused to be filed against it, seeking to place the management of the business of the defendant in the hands of a receiver for the benefit of its creditors, and that under this petition so filed the defendant was temporarily enjoined -by the court from transacting its business, except in a designated way prescribed by the court. It was alleged that the averments in the petition were false, and that when the same came on for a hearing the restraining order was dissolved without a trial, and the property of the defendant restored to it. It was also alleged that this equitable petition was filed with malice and without probable cause, and that the same was a deliberate and malicious abuse of process. It was further alleged that the plaintiffs in the present case were non-residents of the State, and had no property in the State which could be reached by attachment. By an amendment to the plea the specific damages which were alleged

to have been sustained by reason of the filing of the equitable petition are set forth; and the prayer of the plea was that the defendant have judgment against the plaintiffs for the sum above mentioned. The plaintiffs demurred to this plea, and, among other grounds of demurrer, insisted that the same constituted no sufficient defense to the present suit, for the reason that "the plaintiffs' demand is one arising ex contractu and the defendant's proposed set-off, as appears of record, consists of unliquidated damages arising ex delicto, and the said city court of Atlanta, being a court of law only, without equitable powers, has no jurisdiction to entertain or allow the said alleged set-off as claimed by the defendants." The court overruled the demurrer, and the plaintiffs filed exceptions pendente lite to this judgment. . The case proceeded to trial, and resulted in a verdict in favor of the defendant against the plaintiffs for $5,500. The case is here upon a bill of exceptions assigning error upon the judgment overruling the demurrer to the plea, as well as upon the judgment overruling a motion for a new trial.

Under the view we have taken of the case, the court erred in overruling the demurrer to the plea; and this being so, everything that was done thereafter was invalid, and no further reference will be made to the motion for a new trial. It is unnecessary also for us to determine whether the plea set forth a cause of action, or whether, if it did, the cause of action was for the malicious prosecution of a civil suit, or for malicious abuse of process. Even if it be conceded that the plea set forth a cause of action, that cause of action was one arising ex delicto, whether it be one or the other of the causes of action just referred to. The cause of action therein contained being of this character, we do not think the city court of Atlanta had jurisdiction to entertain the same by way of set-off to an action ex contractu, even though the plaintiffs are non-residents of this State. The right of a defendant to set off against the plaintiff's claim an independent demand which he has against the plaintiff, which is now so generally recognized, with certain qualifications, both by the statute law of England and by similar law in the various States of the Union, had its origin in the Roman law. See Hunter's Roman Law (3d ed.), 993 et seq., 1017 et seq.; *Meriwether* v. *Bird*, 9 *Ga.* 594. Set-off in the sense above referred to was unknown to the common law. *Meriwether* v. *Bird*, supra; *Jordan* v. *Jordan*, 12 *Ga.* 87 (2); 22 Am. & Eng. Enc. L. (1st ed.) 211;

Shumaker & Longdorf's Cyc. Dict., "Set-off"; Anderson's Law Dict., "Set-off." In *Meriwether* v. *Bird* Judge Lumpkin says: "By the statute of Geo. II., c. 22, which has been generally adopted in this, and all the other States of the Union, with some modifications, the defendant is allowed, in cases of mutual debt, to set off his claim against the plaintiff's by pleading it in bar." Before any statutes permitting set-offs were enacted in England, the court of chancery, following the equitable principles of the civil law, took jurisdiction in matters of set-off for the purpose of preventing circuity of actions. Mr. Bispham, in his work on the Principles of Equity (6th ed.), 439, says: "This right of set-off, although it did not originally exist at common law, was, nevertheless, so effectually introduced by statute, that it now, perhaps, furnishes no ground for interference by a chancellor as an *equitable right*." See also 19 Enc. P. & P. 718. The author just above referred to says (p. 28) "that the general field of the jurisdiction of courts of chancery is susceptible of three great divisions, viz., I. Equitable Titles; II. Equitable Rights, or Equities; and III. Equitable Remedies." It is to be noted that he classifies set-off as an equitable right. The right of set-off being purely an equitable right, the power of the common-law courts to entertain jurisdiction of this right now depends, and has always depended, upon the existence of a statute conferring jurisdiction upon them in such matters. The right of set-off is recognized and allowed, under certain restrictions, by the statutes of this State. See Civil Code, § 3745 et seq. The defendant in any court, in any action, is permitted to set up as a defense all claims held by him against the plaintiff at the time the suit is brought, of a similar nature to the plaintiff's demand. Civil Code, § 4944. If there is an intervening equity not reached by the statute law, or if the set-off be of an equitable nature, courts of equity in this State take jurisdiction to enforce the set-off. Civil Code, § 3996. There is nothing in the statutes of this State which authorizes a defendant in a suit at law to set off, as a matter of legal defense to a suit on a contract, damages arising from a tort committed by the plaintiff; or to set off, in a suit for damages arising from the commission of a tort by the defendant, a claim growing out of a contract between the plaintiff and the defendant. *Smith* v. *Printup*, 59 *Ga.* 610; *Green* v. *Combs*, 81 *Ga.* 210; *Mashburn* v. *Inman*, 97 *Ga.* 396; *Harden* v. *Lang*, 110 *Ga.* 392.

A court of this State which has nothing more than common-law jurisdiction can not entertain a plea which attempts to set off damages arising ex delicto against an action on a contract, or damages arising ex contractu against an action for a tort.   The statutory right of set-off in this State is confined to cases where it is sought to set off demands of a similar nature against each other.   If any other right of set-off exists in this State than of the character just indicated, it is purely an equitable right, and in no sense a legal right, of the defendant.   A court which has no equity jurisdiction can not entertain such a plea, and the parties must be left to their remedy before a court having jurisdiction in such matters.   In other words, the right of set-off, other than in cases of claims of a similar nature, stands upon the same footing in this State now that it did in England prior to the statute of Geo. II., and is therefore cognizable only in a court of equity.   It is immaterial whether the demands sought to be set off against each other are of an equitable character or are purely legal in their nature.   The character of the demand does not determine the jurisdiction of the court to entertain the plea of set-off.   The right to set off one legal demand against another, other than in cases covered by our statute, is itself an equitable right, which is not and has never been recognized by a court of law in this State, except in obedience to a statute; and therefore it can be asserted only in a court having jurisdiction in equity matters.   The right of a court of equity in this State to take jurisdiction to enforce a set-off extends to cases where there is an intervening equity not reached by the law, or where the set-off is of an equitable nature.   See Civil Code, § 3996.   Insolvency has been recognized as a distinct equitable ground of set-off.   *Lee* v. *Lee,* 31 *Ga.* 26; *Moody* v. *Ellerbie,* 36 *Ga.* 666; *Tommey* v. *Ellis,* 41 *Ga.* 260; *Camp* v. *Pace,* 42 *Ga.* 161; *Melson* v. *Dickson,* 63 *Ga.* 682; *Harwood* v. *Andrews,* 71 *Ga.* 784; *Georgia Seed Co.* v. *Talmadge,* 96 *Ga.* 256(1); *Bell* v. *Ober,* 111 *Ga.* 668.   In the following cases non-residence is recognized as a sufficient reason for equitable interference, though no direct ruling is made on the subject: *Bonaud* v. *Sorrel,* 21 *Ga.* 108; *Barrow* v. *Mallory,* 89 *Ga.* 76; *Giles* v. *Bank,* 102 *Ga.* 702; *Harden* v. *Lang,* 110 *Ga.* 392; *Bell* v. *Ober,* 111 *Ga.* 668.   In *Livingston* v. *Marshall,* 82 *Ga.* 281, it was held that the fact that a party was a non-resident and had no property in this State would authorize a court of equity to decree a set-off

in favor of a person against whom the non-resident was seeking to enforce a judgment. In *Bibb Land-Lumber Company* v. *Lima Machine Works,* 104 *Ga.* 116, there is a direct ruling to the effect that non-residence alone constitutes a good ground for equitable set-off. Treating it as established that the non-residence of the plaintiff would be a sufficient reason for a court of equity to decree a set-off in a case where the statute does not expressly authorize a set-off, the question arises, what would be the equitable remedy appropriate to the assertion of this equitable right? Under the provisions of the Code of 1863, a suitor was not compelled to appear on the equity side of the court, but was allowed to set up an equitable cause of action on the common-law side of the court, and the judgment rendered could be so molded and framed as to give as complete equitable relief in the case as if the suit had been instituted on the equity side. Code of 1863, § 3015. This same provision appears in the Code of 1882, § 3082. It was held that, under the provisions of the Code of 1863 above referred to, a defendant might set up to a proceeding at law any equitable ground of defense which he might have. *Mordecai* v. *Stewart,* 37 *Ga.* 364. And this rule has been applied to the case of a plea asserting an equitable right of set-off not recognized at law. *Melson* v. *Dickson,* 63 *Ga.* 682; *Harwood* v. *Andrews,* 71 *Ga.* 784. The case of *McKleroy* v. *Sewell,* 73 *Ga.* 657, seems to be in conflict with the rule applied in the cases just cited. It is not necessary, however, for the purposes of this discussion, to determine either whether there is really any irreconcilable conflict between these decisions, or, if such exists, which states the correct rule. If the ruling in the earlier cases is correct, a plea setting up an equitable set-off would have been permitted on the common-law side of the court even at a time when the equity side and the common-law side were separate and distinct. If the rule in *McKleroy* v. *Sewell* is the correct rule, then an equitable set-off would not have been permitted on the law side of the court, and the party asserting this equitable right would have been compelled to appeal to the equity side of the court. When the law recognized the superior court as a court of law as separate and distinct from that court as a court of equity, a defendant in a suit at law in that court, in the absence of an express statute authorizing him to set up an equitable defense, was compelled, in order to avail himself of this defense, to file an original

proceeding upon the equity side of the court, and to enjoin the suit upon the law side of the court, in order that the court of equity might render a decree doing complete justice between the litigants. This was the practice recognized so long as the superior court was treated as having both a law side and an equity side. *Lee* v. *Lee,* 31 *Ga.* 26; *Moody* v. *Ellerbie,* 36 *Ga.* 666; *Tommey* v. *Ellis,* 41 *Ga.* 260; *Camp* v. *Pace,* 42 *Ga.* 161. The law side of the superior court had no more equity jurisdiction than any other common-law court, and its power to deal with equitable causes of action or equitable defenses was entirely dependent upon the existence of a statute conferring such jurisdiction upon that side of the court. No equitable right could be asserted then upon the common-law side of the court, unless there was an express statute authorizing the same to be done. When a party instituting an equitable cause of action on the common-law side of the court, or interposing an equitable defense on that side, could not call to his aid statutory authority for the proceeding, the court was without jurisdiction. In all such cases his appeal was required to be to the equity side of the court. The two sides of the court were as separate and distinct as were the court of common pleas and the court of chancery in England, so far as concerned the respective jurisdictions of the same. Since the passage of the act of 1885 (Acts 1884–5, p. 36, Civil Code, § 4834 et seq.), which really permitted everything to be done on the common-law side of the court which could have been done on the equity side, and especially since the passage of the uniform procedure act of 1887 (Acts 1887, p. 64, Civil Code, § 4833), which merged the two sides of the court and abolished the distinction between the two, it is no longer, so far as proceedings in the superior court are concerned, necessary to keep in mind the distinction between the jurisdiction of that court as a court of law and its jurisdiction as a court of equity, which was once so clearly drawn and so definitely marked.

In considering the question as to how far the courts of this State, other than the superior courts, may deal with causes or defenses which are to be determined upon equitable principles, it is important to keep in mind the distinction as it once existed between the common-law side and the equity side of the superior courts. There is and can be but one equity court in this State, and that is the superior court. The constitution declares that the superior courts

shall have exclusive jurisdiction in equity cases. Civil Code, § 5842. If the terms of the constitution are strictly adhered to, no court in this State, except a superior court, would be permitted either to entertain a suit for an equitable cause of action, or recognize a defense based upon equitable grounds. No other court in this State would be allowed to recognize equitable titles or equitable rights, or to enforce equitable remedies. This court has uniformly held that no other court than the superior courts can take jurisdiction of a case based upon an equitable cause of action. Other courts, however, have been permitted, under certain limitations, to take jurisdiction of equitable defenses to legal causes of action. It has been held that a court which has not and can not under the constitution have any jurisdiction in equity cases may, nevertheless, recognize and apply equity principles to such an extent as to permit equitable pleas to be filed, which, if sustained, would have the effect of defeating altogether the plaintiff's legal cause of action. Equitable pleas purely defensive in their nature, which call for no affirmative relief, but simply defeat the plaintiff's cause of action, have been allowed in city courts, and it may be in county courts and justices' courts. But no other court than the superior courts has ever been allowed to take jurisdiction of an equitable plea which for its maintenance depended upon the granting of affirmative equitable relief or affirmative legal relief in enforcement of an equitable right, or the exercise of the greater powers of the court of chancery, such as injunction, receiver, reformation, cancellation, and the like. *National Bank* v. *Carlton,* 96 *Ga.* 469 (3); *English* v. *Thorn,* 96 *Ga.* 557 (1); *Gentle* v. *Loan Ass'n,* 105 *Ga.* 406. If a party is sued in a city court, and he has a defense, either legal or equitable, which will defeat the plaintiff's suit, he must interpose this defense, under the rulings in the cases just cited, in that court. If, however, one sued in a city court desires by a cross-action to obtain affirmative equitable relief, or if the right to maintain a cross-action is dependent upon a purely equitable right, although the cause of action therein may be altogether legal, or if it is necessary for the purposes of his defense that he should appeal to the greater powers of a court of chancery, he can not avail himself of such matters of defense in the city court, but his only remedy is to apply to the superior court as a court of equity to enjoin the common-law proceeding in the city court and take

jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them.  *National Bank* v. *Carlton, English* v. *Thorn,* supra; *Moore* v. *Medlock,* 101 *Ga.* 100.

The conclusion of the whole matter is this: The city court of Atlanta is not a court of equity. It has no jurisdiction of a suit based upon an equitable cause of action. It can take jurisdiction in cases of equitable pleas only where the effect of such pleas is to defeat the plaintiffs' causes of action. It can not accord to the defendant affirmative relief, legal or equitable, based entirely upon an equitable right. It has jurisdiction in matters of set-off only in cases where the statute of this State expressly authorizes such courts to take jurisdiction in matters of that kind. It has no jurisdiction whatever to entertain a plea setting up an equitable set-off or an equitable right of set-off, for the simple reason that to entertain such a plea it is necessary for the court not only to recognize an equitable right but to give affirmative relief as a result of such recognition. The right of one sued at law in an action ex contractu to set off damages arising out of a tort committed by the plaintiff, on the ground that the latter is insolvent or is a non-resident, is a right in this State recognized only by a court of equity, and such a court alone can give affirmative relief of such character. It is immaterial that the cause of action is legal and that the subject-matter of the plea of set-off is purely legal; the right to set the one off against the other is, for the reasons above referred to, an equitable right, which a court having no jurisdiction in equity matters can not recognize and can not enforce. The defendant's plea was not defensive in its nature at all, so far as the plaintiffs' cause of action was concerned. It was a cross-action, and a cross-action which the law says could not be allowed in a court of law, notwithstanding the cause of action in the cross-action was purely legal in its nature. The plea prayed for affirmative relief. True it was legal relief; but the right of the defendant to have the relief prayed for, although it was legal, was dependent upon an equitable right, which the city court had no authority to recognize.

While the case of *Bibb Land-Lumber Company* v. *Lima Machine Works,* supra, in which it was held that the non-residence of the plaintiff afforded equitable ground for the filing by the defendant of an equitable set-off, was brought in a city court, the question of jurisdiction was not raised or passed on. In the case of *Follen-*

*dore* v. *Follendore*, 99 *Ga.* 71, what was said in the headnote in reference to the justice's court having jurisdiction to entertain a plea of set-off of the character involved in the present case was purely obiter, as no such point was involved in that case.   The court erred in overruling the demurrer to the defendant's plea.

*Judgment reversed.    All the Justices concurring, except Little, J., absent.*