## WINTER v. HALL.

No. 6483. November 23, 1928.

Aldine & Hewitt W. Chambers, for plaintiff.

T. M. Smith, for defendant.

BECK, P. J. It appears from the allegations of the petition that Rogers Winter was sued in the municipal court of Atlanta on a promissory note for $400, given in 1922, which was secured by a second lien on certain premises described; that petitioner in this suit and his wife exchanged a place on Spring Street for a place described as the Rice and Niles Street property; that F. S. Hall was the owner of the latter place, and had placed a loan on it for $1600, and then he loaned Winter this $400, taking a second lien on the property. Winter sold the property within a few weeks after he purchased it and gave the note. The purchaser, Mrs. Jones, paid the interest on both loans for two years or more, and Winter never had notice that the whole indebtedness had not been paid until some time after the notes matured, and never had been called on to pay any interest or otherwise. It further appeared that, without any notice to or demand upon Winter, Hall collected rent on the house, and never paid or accounted for the same to Winter. Under these circumstances Winter brought a petition in

equity to enjoin these suits in the municipal court. The petition alleged the facts stated above and others, and claimed that the action of Hall in waiting for more than three years after the default in the interest on the loan, without giving any notice to him, was such laches as amounted to an equitable bar. Also, that Hall had accepted Mrs. Jones as debtor in lieu of petitioner. Also, that the action of Hall amounted to an estoppel, when he accepted the payment of rent on the premises without and before calling on Winter to pay or accounting to him for the same. The defendant filed a demurrer and an answer. In the answer there was a denial of most of the allegations in the petition; but it was admitted that the defendant had collected rent on the house from the tenant in possession of the same.

A temporary restraining order was granted; but when the case came on for an interlocutory hearing the court sustained the demurrer and dismissed the petition, and passed an order dissolving the restraining order and denying an injunction.

We are of the opinion that the court did not err in sustaining the demurrer and in dismissing the petition. The mere delay upon the part of Hall, the payee in the note sued on in the municipal court, in bringing that suit did not amount to such laches as would prevent his maintaining the action. And if as a matter of fact Hall had accepted Mrs. Jones, to whom Winter had sold the property in question, as the purchaser of the property and as his debtor in lieu of Winter, who had executed the note sued on, and had thereby released Winter from his obligation on the note, this could be pleaded in defense to the suit on the note. The mere fact that Hall had accepted certain payments of interest on the note from Mrs. Jones, and that he had collected certain rents, would not necessarily estop Hall from asserting the right to collect the note, or the balance due thereon, from Winter. While Winter had executed to Hall a deed conveying the property for the purpose of securing the payment of the $400 note, and had afterwards sold the property to Mrs. Jones, and she had agreed to assume the first loan on the property and the debt to Hall, this would not alone extinguish Winter's obligation on the note, without an agreement on the part of Hall to accept Mrs. Jones as his debtor; and if he did accept her as his debtor in the place of Winter, this fact could have been pleaded as matter of defense to the suit in the municipal

court. In *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921 (41 S. E. 74), it was said: "Other courts have been permitted, under certain limitations, to take jurisdiction of equitable defenses to legal causes of action. It has been held that a court which has not and can not under the constitution have any jurisdiction in equity cases may, nevertheless, recognize and apply equity principles to such an extent as to permit equitable pleas to be filed, which, if sustained, would have the effect of defeating altogether the plaintiff's legal cause of action. Equitable pleas purely defensive in their nature, which call for no affirmative relief, but simply defeat the plaintiff's cause of action, have been allowed in city courts, and it may be in county courts and justices' courts." Inasmuch as the municipal court had jurisdiction to entertain the defenses set up by Winter, a court of equity had no jurisdiction to restrain the suit in the municipal court. Injunction is a harsh remedy, as has been said so many times; and courts of equity are cautious in granting injunctions, especially so when an injunction against a suit in another court is sought. And it follows, of course, from the holding that the judge properly sustained the demurrer, that the injunction was properly refused.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*