WELCH *v.* WILLIFORD *et al.*

No. 9639. November 11, 1933.

*R. C. Jenkins* and *D. D. Veal,* for plaintiff.
*E. J. Summerour Jr.,* and *M. F. Adams,* for defendants.

Hill, J. J. A. Williford for himself and as agent for his sister, Mrs. Nell Williford Reid, sued out a distress warrant against H. T. Welch for the proportionate part of the year's rent due them as remaindermen from the date of their mother's death on March 19, 1932, to January 1, 1933, the rent being past due and unpaid. The distress warrant was levied by the sheriff on certain personal property of H. T. Welch. No counter-affidavit or bond was filed, but Welch filed a petition against J. A. Williford and Mrs. Nell Williford Reid, to enjoin them from enforcing the distress warrant, and to recover damages. The defendants filed a demurrer, which the court sustained on the ground that Welch had an adequate remedy at law, and dismissed the equitable petition. This petition alleged in substance the following: W. D. Williford, the father of the defendants, died testate on March 28, 1918. In his will provided: "Item 2. I give and bequeath to my beloved wife all of the property I possess, for and during the time she remains my widow. Should she remarry, then and in that event she is to have one third of all of my property. This bequest I make to my wife in lieu of both dower and year's support, in fee simple.

Should she elect to take dower or year's support, then and in that event whatever amounts she may receive by such election are to be deducted from the bequest herein made to her. Item 3. After the foregoing bequest to my wife is allowed and completed, all of the remainder of my property I give and bequeath, share and share alike, to my son, Aubrey, and my daughter, Nell. But the property herein bequeathed to my said daughter Nell is to be used by her for and during her life, with remainder to any child or children she may have. In the event there be no child or children to receive this remainder, then and in that event said remainder is to revert to my estate." Mrs. W. D. Williford died intestate on March 19, 1932, and left as her heirs at law the defendants, and there has been no administration of her estate. Petitioner was unable, from his poverty, to give the bond required by law on issuance of the distress warrant. There has never existed between him and the defendants the relation of landlord and tenant; this relation was between him and Mrs. W. D. Williford, deceased. The heirs of Mrs. Williford, although all of them are sui juris, can not maintain an action at law upon a chose in action in favor of the intestate, notwithstanding there is no administration and all debts due by the intestate have been paid; and the distress warrant is proceeding illegally, and suing it out constitutes a trespass. Mrs. W. D. Williford remained a widow during her lifetime; she did not apply for or obtain either dower or year's support; and therefore, under item 2 of the will of W. D. Williford, she inherited all of his property in fee simple. The petition sets out the items of damages suffered by the plaintiff from the alleged trespass in the levy of the distress warrant.

The petition alleged that the defendants were insolvent, and that the estate of W. D. Williford was insolvent; that a judgment against either or all of the defendants would be worthless, and would afford plaintiff no relief, either for damages already caused, or for damages which might be sustained in the future. Welch, therefore, had no adequate remedy at law in order to protect his interests. In *Arnold* v. *Carter*, 125 *Ga.* 319, 325 (54 S. E. 177), it was held: "Damages arising ex delicto can not be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident.

And if the plaintiff's suit is pending in a city court, the defendant, in order to avail himself of such right of equitable set-off, may apply to the superior court, as a court of equity, to enjoin the common-law proceeding in the city court and take jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them." In *Hecht* v. *Snook,* 114 *Ga.* 921 (41 S. E. 74), it was held: "A court of this State which has nothing more than common-law jurisdiction can not entertain a plea which attempts to set off damages arising ex delicto against an action on a contract, or damages arising ex contractu against an action for tort." In *McMahan* v. *Tyson,* 23 *Ga.* 43, it was held: "The only defense against a distress warrant which the statute gives to the tenant is a plea on oath that 'the sum, or some part thereof distrained for,' is not due." "Equity will restrain a solvent trespasser from committing repeated trespasses." *Moore* v. *Daugherty,* 146 *Ga.* 176 (91 S. E. 14). In *Hecht* v. *Snook,* supra, it was said that insolvency has been recognized as a sufficient reason for equitable interference; and the court cited the following cases: *Bonaud* v. *Sorrel,* 21 *Ga.* 108; *Barrow* v. *Mallory,* 89 *Ga.* 76 [14 S. E. 878]; *Giles* v. *Bank,* 102 *Ga.* 702 [29 S. E. 600]; *Harden* v. *Lang,* 110 *Ga.* 392 [36 S. E. 100]; *Bell* v. *Ober,* 111 *Ga.* 668 [36 S. E. 904]. In view of the facts alleged in the petition and the foregoing authorities, the plaintiff did not have a full, adequate, and complete remedy at law, and was entitled to go into a court of equity in order that he might obtain an adjudication of all the matters in controversy. *Judgment reversed. All the Justices concur.*