CANDLER *v.* YAARAB TEMPLE BUILDING CO.

No. 9126.   DECEMBER 14, 1933.

*Tye, Thomson & Tye* and *Edwin L. Sterne,* for plaintiff in error.
*Branch & Howard, Bond Almand, Robert S. Sams,* and *Colquitt, Parker, Troutman & Arkwright,* contra.

Russell, C. J.   The application for the grant of the writ of certiorari is based upon the contention that the Court of Appeals erred in not holding the judgment of the city court of Decatur, overruling the motion for new trial, to be error, or, to state the point differently, the Court of Appeals erred in not reversing the judgment of the city court of Decatur, and erred in not ordering a new trial to be had.

1.   Omitting reference to the general grounds of the motion for new trial filed by the defendant, Candler, in the city court of Decatur, we consider the two special grounds.   The first special ground is as follows:

"During the introduction of evidence in this case plaintiff offered in evidence a certain transfer or assignment in writing signed by Yaarab Temple A. A. O. N. M. S., as follows:

"'Know all men by these presents:   That pursuant to a resolution passed at a special meeting of the members of Yaarab Temple A. A. O. N. M. S. of the City of Atlanta, held on August 2, 1926, at its headquarters at Atlanta, Georgia, the undersigned does hereby set over and assign unto Yaarab Temple Building Company, a corporation, its successors and assigns, all sums of money, and all right and power to collect said sums of money which are due and/or payable, or may be due and/or payable, under any and all subscriptions (amounting to approximately 3570 in number) made by various persons in said Yaarab Temple A. A. O. N. M. S. of the City of Atlanta, for its building fund for the erection of a Temple or Mosque on its property at the corner of Kimball and Peachtree Streets in the City of Atlanta, Georgia.   Said Yaarab Temple Building Company having been created as a corporation for the purpose of holding the title to said property, collecting the monies necessary to build the Temple or Mosque thereon, and financing the construction thereof by and with the consent of said Yaarab Temple A. A. O. N. M. S.   Said Yaarab Temple does not hereby intend to transfer or assign to said Yaarab Temple Building Company the entire contracts evidenced by said subscriptions, or to relieve itself of the obligations contained therein to issue to the

subscriber the Beneficial Loan Certificate providing for the repayment of the sum subscribed. The obligation to issue said Loan Certificate and to repay the sum paid by the subscriber shall not be affected by this assignment.'

"Whereupon defendant objected to the admission of said document on the following grounds which were urged upon the court at the time the evidence was offered:

"(a) The contract in question was an executory contract placing burdens upon Yaarab Temple, the original party thereto, and therefore could not be assigned; said original contract being as follows: 'In consideration of benefits to be received under Beneficial Loan Certificate hereinafter referred to and of the subscriptions made by others for the same purpose, the undersigned hereby subscribes to Yaarab Temple A. A. O. N. M. S. of the City of Atlanta, Ga., upon the conditions set forth on the reverse side of this card the sum of ten thousand & no dollars to be paid in the following installments, to wit: One-fifth on or before January 1, 1926; one-fifth on or before July 1, 1926; one-fifth on or before January 1, 1927; one-fifth on or before July 1, 1927; one-fifth on or before January 1, 1928. $10,000. Total Pledge $ Cash or check with pledge Name Asa G. Candler Mail address 1706 Candler Bldg. Make checks payable to James F. Floyd, treasurer building fund. [On the reverse side of card appears:] The within subscription is subject to the following conditions: (1) That the money paid hereunder shall be used in the erection and construction of an auditorium and temple and incidental expenses connected therewith, on the land now owned by Yaarab Temple in the City of Atlanta, Georgia. (2) That when the full amount subscribed has been paid there shall be issued to the subscriber the beneficial loan certificate of Yaarab Temple providing for the repayment of the sum hereby subscribed as follows: (a) Upon the death of the subscriber the amount subscribed, without interest, shall be paid to Scottish Rite Hospital in Atlanta, Georgia, or to such other person or persons as subscriber may hereafter designate by written notice to the Recorder of Yaarab Temple A. A. O. N. M. S., Atlanta, Ga. (b) Yaarab Temple shall have the right and power to redeem the certificate issued upon the payment of his subscription, at any time at its face value, without interest. (c) In event of death of the subscriber prior to the payment in full of said subscription it

is expressly understood and agreed that Yaarab Temple shall not be required to pay more than a sum equal to the amount paid on the said subscription, without interest.'

"(b) The paper offered in evidence, when properly construed, did not purport to transfer the title of said contract, but undertook to split an executory contract into two parts, transferring one part and retaining one part; that it was in reality merely a power of attorney by which the plaintiff was authorized to institute suit for and in the name of the Yaarab Temple and not in plaintiff's own name, and the plaintiff did not take title to the contract so as to have a right to institute a suit thereon in its own name; that if such a divided transfer as this were possible it would work great harm to defendant and would force him, if judgment should be found against him, to pay the judgment to the plaintiff, and that his claim for a misuse of the money for a purpose materially different from that for which it was subscribed or for a beneficial loan certificate would not be against the plaintiff but against one who was not a party to this suit, and this would necessitate a separate and distinct suit by the defendant in this case against Yaarab Temple A. A. O. N. M. S. in order to enforce his rights as to the use of the fund or as to said beneficial loan certificate, and therefore this suit on the contract could not proceed in the name of the plaintiff, the original Yaarab Temple not being a party to the litigation. Movant shows that these objections were overruled and the transfer of the contract admitted over the objections, which said ruling was prejudicial and harmful to this defendant and permitted the plaintiff to proceed to a recovery in the suit, which would have been impossible had the objections been sustained and the transfer not admitted into evidence, as without this transfer the plaintiff would have shown no right whatsoever in itself to prosecute this suit."

We are of the opinion that this executory contract is entire and indivisible. The Yaarab Temple Building Company can not take the benefit of the subscriber's payment without assuming the cross obligations which by the terms of the writing inured to the subscriber. The Yaarab Temple A. A. O. N. M. S. was impotent to transfer a part of the contract, and at the same time retain a part. It could not at one and the same time (even by the creation of a corporation for the purpose of holding the title to and collecting these subscriptions) take to itself all the benefits accruing from the

subscriptions, and absolve itself from the undertakings it assumed and undertook to confer upon the subscriber to the fund. *Tifton &c. Railway Co.* v. *Bedgood*, 116 *Ga.* 945 (43 S. E. 257).

2. The second special ground of the motion for new trial is as follows: "Because the court charged the jury as follows: 'In addition the plaintiff introduced evidence on the stand that they did buy additional corner lots, which was proper, in order to perfect the original plans for the building of the Shrine Mosque on the original land owned by it. I charge you, gentlemen of the jury, that if you believe from the evidence there was no material change in the original plans for this building, but you do believe there was an enlargement of the original plans, then I charge you that the defendant would be liable on the subscription sued on, notwithstanding a larger building was erected and additional land was purchased to perfect the enlargement, if there were such, of the original plans.' Movant says that this charge was error and prejudicial to defendant in that the court therein was expressing an opinion as to a matter of fact and was infringing on the rights of the jury, it being a matter of fact according to the contentions of movant as to whether or not the purchasing of additional land and the enlarging and changing of the building plans was a material change or departure from the original plans and purposes of the campaign, during which defendant's subscription was made. Movant further says that even if this had been a matter of law rather than a matter of fact, that the charge would be and is erroneous, because the conclusion of the court that the enlargement of the building plans and the purchasing of additional lots was not a material change is not borne out by the evidence in this case and that under the undisputed evidence in this case the change was a material change. The undisputed evidence showed that the Shrine originally had a lot fronting 179 feet on Peachtree Street and 297 [feet on] Kimball Street, which would contain an area of 53,163 square feet; that the additional amount of land purchased from Coon and Brown was 15,962 square feet, which is a 30% increase in the amount of land, and such an increase is, as movant contends, a very material increase, and the court erred in instructing the jury that it was not material. Movant says further that said charge was error in that the original purposes to be accomplished with the money subscribed was, as stated on the original subscription: 'The money paid here-

under shall be used in the erection and construction of an auditorium and temple and incidental expenses connected therewith, on the land now owned by Yaarab Temple,' whereas the undisputed evidence shows that a strip of land along the Peachtree Street frontage, being 70 feet deep and containing 12,532 square feet, being part of the land then owned by Yaarab Temple, was built over, not for the purpose of an auditorium or temple, but solely for commercial or store purposes, which was a material change in the purposes for which said subscription was taken, the building not only being very much larger but being in large part for different purposes, thus changing the nature and type of a very large part of the building, and this misuse of a part of the land for commercial purposes being the sole excuse for purchasing additional land for the auditorium or temple, which change movant contends was material, and the court erred in stating to the jury that it would not release defendant from his subscription."

The question whether a change in the plan of the building in this case was material or not, if not altogether a matter of fact, is at least a mixed question of law and fact, and the charge of the court as set forth in the above special ground of the motion for new trial is not approved. We are of the opinion that the first special ground of the motion for new trial should have been sustained, and that the Court of Appeals erred in not reversing the judgment of the city court of Decatur. In our view of the case the Yaarab Temple A. A. O. N. M. S. is a necessary party, and questions of an equitable nature are involved which the city court of Decatur is without jurisdiction to adjudicate. The subject is exhaustively dealt with in *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921 (41 S. E. 74), and several subsequent decisions of this court.

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*