### 21349. ALTMAN v. FLORIDA-GEORGIA TRACTOR COMPANY *et al.*

Head, Presiding Justice. 1. "Damages arising ex delicto can not be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a nonresident." *Arnold v.*

*Carter*, 125 Ga. 319, 325 (54 SE 177); *Hilton v. Rogers*, 152 Ga. 658 (111 SE 33); *Welch v. Williford*, 177 Ga. 837 (171 SE 768). The foregoing rule is applicable to the allegations of the petition in the present case, and the court erred in dismissing the plaintiff's petition on general demurrer.

2. Counsel for the defendant contend by brief that the sustaining of the general demurrer was proper by reason of the plea of res judicata filed by the defendant. "A former adjudication of the same cause of action, not appearing from the petition, is not ground for demurrer, but for plea." *Reid v. Caldwell*, 120 Ga. 718 (48 SE 191). The petition does not show any former defense to the defendant's foreclosure of the title-retention contract.

3. In the trial of a case in the superior court the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court. *Glaze v. Bogle*, 105 Ga. 295, 298 (31 SE 169). For the plea of res judicata to avail, the record in the former action must be introduced in evidence. *Findley v. Johnson*, 84 Ga. 69 (4) (10 SE 594); *King v. Pate*, 215 Ga. 593 (1) (112 SE2d 589). The plea of res judicata could not properly have been considered in the ruling on the general demurrer.

*Judgment reversed. All the Justices concur.*

Submitted September 11, 1961—Decided October 5, 1961.

*Ronald F. Adams*, for plaintiff in error.

*Thomas, Howard & Moran, Hubert H. Howard*, contra.

The defendant, a nonresident corporation, filed a statutory foreclosure of a title-retention contract covering a described tractor, wherein it was averred that the plaintiff was indebted to the defendant in a stated sum. While the property was in the custody of the sheriff the defendant filed an application for a quick order of sale, alleging that it was likely to deteriorate in value and was expensive to keep.

The plaintiff filed his petition in the superior court against the defendant and the sheriff of the county, alleging that he was entitled to a setoff in equity in a stated amount against the defendant's demands. The plaintiff alleged that the defendant

contracted to remove all grit, sand, and water from the tractor (after recovery from the St. John's River where it had accidentally fallen while in use) and restore it to the same condition it was in prior to the accident; after the defendant represented that it had complied with its contract, and after use for a short time, the working parts of the tractor were destroyed by grit, sand, etc., left in the tractor by the defendant, with resulting damage to the plaintiff in the amount claimed. The plaintiff alleged that he had no adequate remedy at law, and he prayed that the sheriff be enjoined from selling the property until final adjudication of the cause, and that his setoff be sustained and allowed. He paid into court the balance admitted to be due under the contract.

A rule nisi was duly issued, and at the subsequent hearing a temporary restraining order was granted. Thereafter the general demurrer of the defendant was sustained, and the exception is to this judgment.