The Planters' Bank of Fort Valley *vs.* Prater *et al.*

1. M. & Co. took from a trustee an absolute conveyance to certain land, and gave a bond to re-convey on payment of certain individual notes of the trustee, payable to their order, having full knowledge that the land was bought with trust funds. The notes were transferred to a bank by delivery, and without indorsement:
*Held,* that such delivery did not convey the title to the land to the bank. At best, it would only be subrogated to the rights of M. & Co., and affected by the notice to them.
2. Where a trustee wrongfully conveyed land in which he had invested funds of the trust estate, for the purpose of securing an individual debt, to one who took with full notice thereof, the *cestu que trusts* could follow the funds, and take the land bought with their money, or enforce their lien thereon. A sale of the land having been ordered, the claim of the *cestui que trusts* for the principal and interest of their fund should be satisfied before that of the creditor.

Contracts. Lien. Assignment. Trust. Equity. Notice. Before Judge SIMMONS. Crawford Superior Court. March Term, 1879.

This was a bill filed by the children of one W. G. Prater against him, the bank, and the sheriff of Crawford county. It alleged that Prater, as executor of their grandfather, and as their guardian, had received certain funds in trust for them, and had invested it in certain lands known as the Ross place, in Crawford county, taking title to himself, being 1,800 acres; that 600 of the same had been conveyed by Prater to J. W. Mathews Co. by defeasible deed signed by Prater and wife, under §1969 of the Code, to secure certain notes held by J. W. Mathews & Co. on him, taking bond to re-convey, and these papers had been traded to the bank, with full notice to all parties of their rights. The prayer was for injunction, sale of land and payment of their trust claim from proceeds, etc.

The bank answered, denying the existence of the trust fund, and setting up that they had purchased the notes and deed as mercantile paper before due, and without any notice of the trust, if any there was; that they had sued the notes to judgment, in name of Mathews & Co., for use of bank, and had had Mathews & Co. make a deed back to Prater, and filed it, and had had executions levied on the 600 acres—all strictly according to the statute.

The only question submitted to the jury was the amount complainants' claim, and the jury found $1,444.48 principal, with $826.00 interest to April 1st, 1879.

The other questions were left, by agreement, to the presiding judge. He decided as follows:

1. That there being no written transfer from Mathews & Co. to the bank, the latter took subject to all the equities between the former and complainants, and was affected by notice to Mathews & Co.

2. That notice to one of the directors, who took no part in the transaction, was notice to the bank, and bound it.

3. That the complainants be paid in full their principal and interest, and the balance, if any, after paying costs, be paid to the bank.

Finally he decreed that the entire tract be sold, and the proceeds applied as above.

The bank moved for a new trial, which was refused, and it excepted.

DUNCAN & MILLER; S. HALL, for plaintiff in error.

R. D. SMITH; W. S. WALLACE, for defendants.

JACKSON, Justice.

Sarah J. Prater *et al.*, children of W. G. Prater, brought their bill against W. G. Prater, their father and trustee, and the Planters' Bank of Fort Valley, for a perpetual injunction against the bank, prohibiting it from enforcing a judgment against W. G. Prater, on certain lands which were purchased with their money by their father and trustee. Part of these lands had been conveyed to Mathews & Co. by Prater absolutely, Mrs. Prater signing the deed with her husband, and Mathews & Co. obligating themselves to reconvey on Prater's paying them certain notes, payable to their order. These notes were transferred by delivery to the bank, and were sued to judgment in the name of Mathews & Co. for its use. Execution issued on this judgment was levied on the land so conveyed to Mathews & Co., that firm having re-conveyed it to Prater for the purpose of selling it under the execution. To stay this sale, and to have the title assured to them, and for general relief, the *certui que trusts* filed this bill.

The equities arising upon these facts were submitted to the court, and the decree was in favor of the complainants, directing that *all* the lands be sold, and complainants be paid the principal and interest of their fund which went into the lands, and balance, if any, to the bank. To this decree the bank excepted, and it makes three points. First,

that the court erred in holding that the transfer of the deed from Mathews & Co. to the bank should have been in writing; secondly, in holding that notice to one of the directors of the bank, who took no part in the negotiation with Mathews & Co., was notice to the bank, and thirdly, that the decree was wrong in ordering the proceeds of the sale *first* to be applied to the payment of complainants.

1. In regard to the first point, it will be remarked that the note itself was only transferred by delivery to the bank, though payable to the order of Mathews & Co., and therefore that the question does not arise whether the transfer of the legal title to the note carried with it in equity the conveyance of the land as a security. It might well be doubted that if it had been indorsed it would carry an absolute deed to the land, such as this transaction is made by our statute, over to the indorsee. Code, §§1969, 1970. And even if the transaction made a mortgage, it would seem that under the act of 1873—acts of 1873, pp, 42, 47—Code, §1996—the assignment must be in writing to be valid; inasmuch as the twenty-first section of that act declares " that all liens herein provided for, may be assigned by writing *and not otherwise*," and mortgages are provided for in that act.

But this case is one where neither the note, though payable to order, nor the conveyance, has been assigned in writing, by indorsement or otherwise, to the bank. The legal title is in Mathews & Co.; they had full notice of the equities of complainants, and they held, and hold it, subject to those equities. To make the best case possible for the bank, it only had an equity in the land through the transfer of Mathews & Co. to it by delivery of note and deeds, and complainants had also an equity—well known to Mathews & Co., because they knew, according to evidence, all about the money of complainants having gone into the land and participated in the misconduct of the trustee. Code, §3151; 19 *Ga.*, 130.

So that it makes no difference whether the•bank had or

had not notice of the trust ; and the point that notice to a director who did not participate in the transaction or negotiation, is not notice to the bank, need not be considered.

2. If it be true that the money of complainants bought the land, then they had the right to follow it into the land, and take the land bought with the proceeds of what their grandfather bequeathed to them, or assert and enforce their lien thereon.   19 *Ga.*, 66.   If so, it is clear that the court did not err in ruling that their claim be first paid ; for if they could have held the land at their election, they would be entitled to be paid out of its proceeds when sold, at least to the extent of their money which went into it with interest, and such is the decree.

The truth seems to be that the bank never bought these notes before due.   It got no title—legal title—to them. They were payable to order and not indorsed.   So that it cannot claim that the deed was carried to it with the title to the notes ; nor did the deed pass by any writing.   Mathews & Co. held the legal title to the land levied on with full notice of the trust, and whatever right the bank has is dependent on their legal title.   The bank is therefore affected with notice to Mathews & Co.

The entire transaction—notes and conveyance, with defeasance or bond to re-convey—make a chose in action, and such must be assigned to vest title in the assignee, Code, §2244; and such assignment must be in writing, under the construction given "assignment," as used in that section of the Code, in the case of *Turk vs. Cook*, decided last term. Therefore, in any view we can take, the judgment is right and must be affirmed.

Judgment affirmed.