### English & Company *v.* Thorn.

1. It not being within the power or jurisdiction of the city court of Atlanta to grant such affirmative equitable relief as the reformation in vitally important particulars of a written contract unambiguous in its terms, and which does not on its face suggest that something was unintentionally inserted therein or omitted there-

from, a party sued in that court upon such a contract may, when such reformation is essential to the letting in of his defense, resort by equitable petition to the superior court in order to restrain the further progress of the action in the city court and have the matters in controversy between himself and the plaintiff determined and adjudicated in the superior court, where alone full and adequate relief can be granted.

2. The judge of the superior court having in the present case denied the injunction, solely upon the ground that the alleged mistake in the contract sued upon could be set up by plea in the city court, erred in so doing.

*August 12, 1895.*

Petition for injunction. Before Judge LUMPKIN. Fulton county. June 18, 1895.

FELDER & DAVIS, for plaintiffs.

JOHN L. HOPKINS & SONS, for defendant.

LUMPKIN, Justice.

It appears from the record, that Thorn brought in the city court of Atlanta an action against English & Company upon a written contract which in its terms was plain and unambiguous. Treating the contract as meaning precisely what it expressed, the plaintiff was entitled to recover a certain amount. The defendants, however, filed in the city court a plea in which they alleged, in substance, that the instrument sued upon did not correctly express the real and true contract made and entered into between the parties; but that in reducing the same to writing, a mutual mistake was made, by reason of which the instrument failed to express the real agreement as understood by both parties thereto. This plea set forth clearly and distinctly the particulars wherein, according to the defendants' contention, the paper as written and executed varied from the contract as actually made. It is immaterial to here notice or set forth these details, though it is proper to remark that the alterations which the plea asserted should be made in the contract as sued upon would result in a reformation of it in most vitally important particulars.

No objection, by demurrer or otherwise, was made to this plea on the ground of a want of jurisdiction in the city court to entertain it.  Before the case was tried in the city court, the defendants presented to the judge of the superior court an equitable petition setting forth, in substance, the facts above recited; praying for a reformation of the contract, and also, that the further progress of the suit in the city court be enjoined.  Upon the interlocutory hearing, the judge, being of the opinion that the alleged mistake could be set up by the plea which had been filed in the city court, denied the injunction, and his order so doing is now before this court for review.

1. In *National Bank of Athens* v. *Carlton*, 96 *Ga.* 469, this court quite recently decided that where the defendant in an action pending in the city court of Athens was entitled to affirmative equitable relief, viz: the cancellation of a deed, etc., which she could not obtain in that court because it had not the power and jurisdiction to grant relief of this kind, she could maintain an equitable proceeding in the superior court to restrain the further progress of the action pending in the city court, in order that the entire controversy might be finally adjudicated in the superior court.  This conclusion was reached although it appeared that the plaintiff's action might have been successfully defended in the city court to the extent of defeating a recovery against the defendant, it further appearing that the accomplishment by the defendant of this much only would not give to her all of the relief to which she was entitled relatively to the transactions between herself and the plaintiff, in the course of which the note sued upon was given.  The case just cited is, in principle, directly applicable to the case in hand.  Indeed, the latter seems to be one more clearly demanding affirmative equitable relief in behalf of the defendants to the suit pending in the city court.

Unless the contract upon which English & Co. were sued is reformed, Thorn would recover of them an amount much larger than he could recover under the contract which the defendants insist was actually made. The reformation, in essential and material particulars, of a written contract which is plain and unambiguous in its terms, is peculiarly and exclusively a matter of equitable jurisdiction. "At common law, the reformation or correction of written instruments was unknown. Courts of law could enforce or reject a written contract, but not reform it; hence the reformation of instruments is a subject which has always been within the exclusive cognizance of courts of equity." 20 Am. & Eng. Enc. of Law, p. 719. Under our constitution, no court of this State other than the superior court can grant affirmative equitable relief of this kind; and we have been unable to find any case in our reports which would seem to lead to a contrary conclusion. The learned and ingenious counsel cited a line of cases holding, in effect, that advantage might be taken of palpable mistakes—such as mere clerical errors, mistakes as to dates, in the names of parties, and the like,—without first reforming the contract in equity; but these cases do not go to the extent insisted upon. It will not be contended that the city court of Atlanta, upon a proceeding instituted directly for that purpose, could have rendered a decree reforming the contract between Thorn and English & Company. The question then is: could the defendants, when sued upon that contract, avail themselves by plea of the alleged mistake in the contract, and support that plea by parol evidence?—for that is what the matter must come to at last. If not, they are entitled to a forum in which their defense, if true in fact, can be made available, and it cannot be made so without first reforming the written contract. It makes no difference that in the city court the plaintiff made no objection, by de-

-murrer or otherwise, to the defendants' plea. His failure so to do would not have prevented his objection to the introduction of parol contemporaneous evidence offered in support of the plea, on the ground of its inadmissibility to contradict or vary the terms of the written instrument; and we are unable to conjecture how the defendants could have successfully met this objection when made. Hence the necessity of a resort to equity, where parol evidence would be admissible for the purpose of arriving at the truth as to what the contract really was, as a basis for reforming the paper professing to state what the contract was.

We do not mean to hold that defenses of an equitable nature may not be made in the city courts. Subject to the limitation above laid down, they may be oftentimes available in these courts; but in every instance the evidence offered to sustain them must be such as is admissible in a court of law, and under legal rules. There is another line of cases also relied upon by counsel for the defendant in error, as to the admissibility of evidence offered for the purpose of explaining and correcting mistakes in written contracts, of a nature more serious than mere clerical errors appearing upon the face of the paper; but these cases were on trial in the superior court, which could, upon its equity side, administer equitable relief, and therefore there was no occasion to institute in this same court a new or separate proceeding for the purpose of obtaining the relief in question, or rendering admissible extrinsic evidence showing that the parties seeking such relief were really entitled to have it. The case of *Byrd* v. *Campbell Printing-Press & Manufacturing Company*, 94 *Ga.* 41, relied on by the defendant in error, was, it is true, a city court case; but no question as to the power of that court to administer equitable relief in any form was made, passed upon, or even considered, when that case was before this court.

v 96 36

It therefore is of no authoritative weight in the present case.

2. We have discussed the one reason only upon which the trial judge based his refusal of the injunction, and have not attempted to pass upon any matter as to which he made no decision.        *Judgment reversed.*