## KIRKLAND v. DRYFUS & RICH.

1. Where negotiable instruments are given in liquidation of an open ac-
count, and suit is afterwards brought upon the account itself, the defend-
ant is not entitled to set up such liquidation as payment of the debt rep-
resented in the open account, unless it be alleged and proved that the
creditor accepted such negotiable instruments as payment, or that there-
after such instruments were in fact paid to him. If, however, the fact of
liquidation be relied upon, not as payment, but as a defense to the action
upon the account, upon the theory that there has been a substitution of

another cause of action for the cause of action represented in the account, then such liquidation must be specially pleaded, with an averment that the negotiable instruments given in liquidation are outstanding at the time of the trial.

2. There was no evidence that the account sued upon was ever transferred in writing ; and the suit was therefore properly brought in the name of the party to whom it was originally payable.

3. There was evidence sufficient to support the verdict.

Submitted October 27, — Decided November 27, 1897.

Complaint on account—appeal.   Before Judge Sweat.   Coffee superior court.   March term, 1897.

*G. J. Holton & Son*, for plaintiff in error.

SIMMONS, C. J.   Wolf sued Kirkland in the Coffee county court on an account for $134.88 principal, besides interest. Kirkland demurred, and the petition was amended by striking the name of Wolf as plaintiff, and substituting therefor Dryfus & Rich for the use of Wolf.   Defendant pleaded, that he was not indebted to Wolf; that he was indebted to Dryfus & Rich upon the account to the amount of $9.58, which he had tendered to their agent.   In the county court there was a verdict for plaintiffs for $109.13, besides interest, and the case was taken by appeal to the superior court.   The evidence for the plaintiffs tended to show that the account was correct, that it was made with Dryfus & Rich, and that it was "transferred to T. F. Johnson, assignee, and subsequently sold by him to Benjamin Wolf."   The account was for $234.88, and upon it were credits for two drafts for $60 and $40 respectively. Plaintiffs denied that either they or their agent had ever received any drafts from defendant other than those for which credit had been given upon the account.   The defendant testified that he owed upon the account only $9.58; that certain items of the account amounting to $25.75 were incorrect; that he had made payment in four drafts amounting in all to $200; that none of the drafts had ever been returned to him, and that Dryfus & Rich had never given him any notice of a refusal to pay the drafts or any of them; that at different times he gave the two drafts credited on the account, and two additional drafts, amounting to $100, which should have been placed as credits on the account; that the drawees were com-

mission men, with whom it is the custom not to return drafts at once to the drawer, but to hold them until a settlement is made; that since drawing the drafts he has had no settlement with the drawees. · The verdict was the same as that rendered in the county court. The defendant made a motion for a new trial; the motion was overruled, and defendant excepted.

1. Exception is taken to the charge of the court as to the effect of the drafts as payment of the account, if such drafts were proved by defendant to have been drawn and delivered to plaintiffs. The charge of the court was, we think, correct. The fact that a draft has been given raises no presumption that it has been paid. Drafts are not payment until they are themselves paid, unless they are accepted expressly as payment. Civil Code, § 3720. *Stewart Paper Mfg. Co.* v. *Rau*, 92 *Ga.* 511. If the drafts be relied upon, not as payment, but as the substitution of another cause of action for that represented in the account, it becomes incumbent upon the payee to produce them and deliver them up for cancellation, or to otherwise satisfactorily account for them, before he can recover on the account. To avail himself of this defense, however, the defendant must plead specially the substitution of the drafts · for the account, and must aver that such drafts are outstanding and unaccounted for at the time of the trial.

In the present case the pleadings show clearly that the drafts were relied upon as payment, and not as having substituted another cause of action for that represented in the account. The plea filed amounted, in so far as the account was contested, to a plea of general issue, and the case was tried upon the theory, on the part of the defendant, that by the drafts payment had been made. The plaintiff was not called upon to produce or account for the drafts, and in fact denied ever having received them. There was no evidence that the drafts were ever paid, or that they had been accepted as payment. The defense was, therefore, not made out on either ground.

2. With respect to the transfer and sale of the account, the evidence is scant and rather unsatisfactory. The account was made with Dryfus & Rich, and was by them "transferred to T. F. Johnson, assignee; and subsequently sold by him to Ben-

jamin Wolf." Defendant contends that the legal title passed out of Dryfus & Rich into the assignee, and that, as there is no proof that the account was transferred *in writing* to Wolf, neither Dryfus & Rich nor Wolf possessed the legal title, or could bring suit upon the account. The fallacy of this argument lies in the premise that the legal title passed into the assignee. Choses in action must be assigned in writing in order to vest the legal title in the assignee. *Turk* v. *Cook*, 63 *Ga.* 681; *Planters' Bank of Fort Valley* v. *Prater*, 64 *Ga.* 613; *Daniel & Co.* v. *Tarver*, 70 *Ga.* 206; *Riley* v. *Hicks*, 81 *Ga.* 272; *First National Bank* v. *Hartman Steel Co.*, 87 *Ga.* 438; Civil Code, § 3077. The words "transferred to an assignee" do not necessarily import a writing, and are not sufficient evidence to prove a written assignment. *Hartford Fire Ins. Co.* v. *Amos*, 98 *Ga.* 533, and cases cited. In the present case there was no evidence that the account sued upon was ever transferred in writing, and the suit was therefore properly brought in the name of the party to whom the account was originally payable, to the use of the holder of the equitable title.

3. The evidence was sufficient to warrant the verdict for the plaintiff, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*