## JOHNSON *v.* REEVES.

That a landlord against whom a tenant had obtained a recovery in an action for
injuries to a minor son, occasioned by a defect in the building rented, did
not set up in defense to that action an indebtedness due by the tenant for
rent, presented no legal obstacle to the landlord's subsequently recovering
from the tenant the amount of such rent.

Argued January 5, — Decided January 28, 1901.

Complaint — certiorari.    Before Judge Lumpkin.    Fulton supe-
rior court.    April 19, 1900.

*L. R. Ray* and *S. D. Johnson,* for plaintiff in error.
*D. P. Philips* and *T. F. Corrigan,* contra.

LEWIS, J.    J. D. Reeves brought suit in a justice's court against
J. S. Johnson, upon an account amounting to $43.38, for rent of
a house and lot.    The defendant pleaded that he was not indebted,
and further pleaded that he was not the tenant of J. D. Reeves, but
held the property under the sheriff, who had seized the property by
virtue of an attachment against Reeves.    He also set up in his answer
that, if he was the tenant of Reeves during the time alleged, the cause
is res adjudicata, for that in January, 1897, the defendant brought
suit, in the city court of Atlanta, against J. D. Reeves, to recover
damages sustained by reason of the loss of the services of his minor
son, who was injured by the falling of the plastering of the house
in question.    In that case the jury returned a verdict in favor of
the plaintiff (the defendant below in the present case) for $200 and
costs; and it was claimed in the plea that if the cause now sued on
was not set up and urged in the defense of the damage suit, it was
the fault of the plaintiff, as he could have had the amount of rent
that was due and owing him by defendant allowed him on that
trial.    Defendant in the present case alleged in his plea that at the
time the damage case was tried he was insolvent.    At the trial

the plaintiff moved to strike the plea of res adjudicata, and after argument this motion was granted. The plaintiff then proceeded to make out his case, the defendant introducing no testimony. The justice rendered judgment in favor of the plaintiff for the amount sued for, and to the refusal of the judge of the superior court to sanction his petition for certiorari the defendant excepts.

The sole ground of complaint in the petition for certiorari was that the magistrate erred in striking the plea of res adjudicata. We think that the judgment of the superior court in refusing to sanction the petition was clearly right. The suit brought by the plaintiff in error in this case, in which he obtained a verdict for damages against the defendant in error, was an action of tort. The claim for rent is based on a contract. The defendant in the damage suit could not legally have set off his claim on an account arising ex contractu. We do not wish to be understood as even intimating that, had the landlord's claim against the tenant been one arising ex delicto, he would have been obliged to set it up against the former action; or that when one is sued on a cause of action founded on contract, the defendant holding a like claim against the plaintiff is compelled to plead a set-off.

The allegation in the petition for certiorari that there was no proof that the rent had not been paid is without foundation in fact. The defendant below introduced no evidence whatever, and did not pretend that he had paid the rent. The proof was positive that when the rent became due payment was demanded and refused. There is no merit in the contention that the judgment of the court below was without evidence to support it.

*Judgment affirmed. All the Justices concurring.*