*W. E. Mann,* for plaintiff. *C. N. King,* for defendant.

---

## SHAW *et al.* v. PROBASCO.

1. It is error for the judge to direct a verdict, except where there is no conflict in the evidence as to the material facts, and the evidence introduced, together with all reasonable deductions or inferences therefrom demands a particular verdict. Civil Code, § 5926.

2. An alteration in a promissory note after its execution, so as to make it bear eight per cent. interest from its date (the statutory rate being seven per cent., if interest accrues), is a material alteration. *Gwin* v. *Anderson,* 91 *Ga.* 827 (18 S. E. 43); *Glover* v. *Green,* 96 *Ga.* 127 (22 S. E. 664); *McCauley* v. *Gordon,* 64 *Ga.* 221 (37 Am. R. 68).

3. If such an alteration was made by a person claiming a benefit under it, or by his agent authorized to represent him in the transaction, with intent to defraud the other party, such alteration avoids the whole contract at the option of such other party. Civil Code, § 4296.

(*a*) This is true although the note may have been transferred before due to one taking without notice.

4. If such an alteration was not made with intent to defraud, and if the contract as originally written is still capable of execution, it will be enforced.

5. Under the ruling in *Glover* v. *Green,* supra, "While the intentional alteration of a promissory note in a material part, if made by a person claiming a benefit under it, or by his agent with his consent, with the intent to defraud the maker, will give the latter, at his option, the right to treat the note as void, in order to avail himself of this right he must elect to rescind the whole contract of which the note forms a part. He can not enforce for his benefit a portion of that contract, and repudiate another portion of the same."

6. In order for attorney's fees provided for in a note to be recovered, the holder, his agent or attorney, "must notify the defendant in writing," ten days before the bringing of suit, of his intention to sue and also of the term of court to which suit will be brought. Civil Code, § 4252.

7. The statutory requirement to "notify in writing" is not met by merely mailing such notice, if it is not received in the time provided.

8. Mere general testimony of the attorney of the plaintiff that he "made out notices and mailed to all these parties, and several of them acknowledged receiving them," without any showing as to the contents

31

of the notices, or how they were directed or that they were stamped, was inadmissible.

9. In the absence of any evidence of the giving of the notice provided by the statute as a condition precedent to recovery of attorney's fees included in a promissory note, evidence of what would be reasonable attorney's fees for collecting the note is irrelevant.

10. There was evidence that some of the defendants acknowledged the receipt of the notices, but others did not; and some of the defendants as witnesses denied receiving them. Under these circumstances, it was error to direct a verdict for attorney's fees against all of the defendants.

(a) The notes sued on were joint and several. Whether attorney's fees (which have been held to become a part of the principal) may, in such a case, be recovered against some and not against others, quære.

11. The opinion of an attorney as to what would be a reasonable attorney's fee did not authorize the presiding judge to direct a verdict for that amount. Baker v. Richmond City Mills Works, 105 Ga. 225 (31 S. E. 426).

12. In the absence of any evidence of notice to the purchaser of a promissory note for value and before due, in a suit by him against the maker, evidence of fraudulent representations made by the agent of the payee, or of failure of consideration, is inadmissible.

13. A refusal to allow an amendment to a plea is not a proper ground of a motion for a new trial. But as the case is to be retried, the circumstances under which this amendment was offered are not likely to occur again.

FEBRUARY 14, 1913.

Complaint. Before Judge Maddox. Walker superior court. December 2, 1911.

*H. P. Lumpkin* and *J. E. Rosser,* for plaintiffs in error.

*James P. Shattuck,* contra.

LUMPKIN, J. Probasco, alleging himself to be a purchaser before due and for value, brought suit against Shaw and others on two promissory notes payable to order and indorsed by the payees through their agent. The defendants denied liability, and pleaded: that they had not signed any such notes as those on which suit was brought; that, if any such notes existed, they had been altered by inserting interest at eight per cent., and were forgeries; and that the notes were given for the purchase of a horse, upon certain representations as to his qualities, which were untrue, and he was wholly unfitted for the purpose for which he was bought. On the trial evidence was introduced to show that the notes were to bear interest after maturity at the lawful rate, but, after they were given, the agent of the sellers altered them so as to make them bear interest at eight per cent. from date. The evidence showed that the agent then negotiated them to the plaintiff before due and without

notice. The notes were joint and several, and contained a provision for the payment of attorney's fees, without stating any amount. The petition alleged that notice had been given as required by the Civil Code, § 4252, in order to recover attorney's fees. This was denied in the answer. The attorney for the plaintiff testified, that, more than ten days before the return day of the term to which suit was brought, he made out and mailed to the defendants "notices," without stating anything as to the contents of such notices, or their direction or stamping. He said that several had acknowledged receipt thereof, though some had not. Some of the defendants as witnesses denied receiving any notice. An attorney testified that in his judgment ten per cent. would be a reasonable attorney's fee. The court directed a verdict for the plaintiff against all the defendants for the principal, interest from maturity at seven per cent., and ten per cent. attorney's fees. Defendants moved for a new trial, which was refused, and they excepted.

The headnotes require little elaboration. The direction of a verdict was clearly error, at least as to the attorney's fees, for two reasons: (1) There was evidence tending to show that some of the defendants did not receive the notice of intention to sue, which the statute requires to be given in order that attorney's fees may be recovered. (2) This court has held that the judge is not authorized to direct a verdict for a certain amount as attorney's fees upon the testimony of an attorney that in his opinion the services are worth that amount.

Notice to some is not notice to all. Whether attorney's fees can be recovered against some of the defendants, and not against others, is not now for decision.

The very general evidence of the attorney that he made out and mailed notices, with no statement as to their contents, direction, or stamping, should have been rejected. It was not sufficient to show notice of the character required by the statute.

There being no other evidence of notice to the defendants under the statute, evidence of the value of attorney's fees in collecting the notes should have been rejected.

No notice to the holder of the notes of any fraud on the part of the payees, or of failure of consideration, was shown, and it was not error to reject evidence tending to prove such defenses.

*Judgment reversed. All the Justices concur.*