### 5452. BENNETT *v.* GILMER.

1. The plaintiff, by the introduction of the promissory note, the execution of which had not been denied, made out a prima facie case; and, in the absence of any legal defense on the part of the defendant, the error of the court in directing a verdict for the amount of the principal of the note and the interest was harmless.

2. There being no positive evidence that the notice of intention to bring suit on the note was given ten days before the suit was brought, as required by law, it was error to direct a verdict for the plaintiff for the amount of attorney's fees claimed, and direction is given that this amount be written off by the plaintiff.

DECIDED FEBRUARY 3, 1915.

Complaint; from city court of Carrollton—Judge Beall. December, 1913.

*Hood & Strickland,* for plaintiff in error. *S. Holderness,* contra.

RUSSELL, C. J. Gilmer brought suit against Bennett upon a negotiable promissory note, dated February 26, 1912, for $165.50, the note being made payable by Bennett to himself, and indorsed on the back thereof by himself and one W. C. Sanders. The plaintiff asked also for judgment for ten per cent. of the amount of principal and interest due on the note, as attorney's fees, alleging that the ten days notice required by law had been given.

The defendant in his answer admitted the execution of the note and his refusal to pay it, but denied that he owed the amount thereof, and also denied that ten days notice of intention to bring suit thereon had been given him; he alleged that the note was given W. C. Sanders in payment of a premium on a life-insurance policy, and that in November, 1912, he settled the note in full by paying Sanders $82.25 in a cashier's check; also that there was due the defendant on the life-insurance policy $48.60 as dividends, for which he had signed a release to Sanders and for which he had received no benefit. It was also alleged that plaintiff was not a bona fide holder of the note for value.

1. Upon the trial the plaintiff introduced in evidence, without objection, the original note sued on. It being admitted by the de-

fendant that he executed the note, this made a prima facie case for the plaintiff, and, in the absence of any evidence on the part of the defendant, tending to establish the truth of the matters alleged in his plea, entitled him to judgment for the amount of the note. The only evidence introduced by the defendant was the cashier's check for $82.25 (produced by the plaintiff, under notice), payable to R. F. Shedden, Manager, dated October 21, 1912, and signed: "A. E. Fleming, Cashier." On the margin of the check was entered: "Given in payment of O. P. Bennett note for $165," and stamped across its face was "endorsements cancelled." There was no entry of payment on the check, nor any other evidence tending to show that the check had been paid, or to show what connection, if any, the check had with the note in question; and there was no attempt to introduce evidence to show that plaintiff was not a bona fide holder of the note for value (as he must be presumed to be in the absence of evidence to the contrary. Civil Code, § 4288); nor is there any other evidence in the record which would afford the defendant a semblance of a defense to the action.

2. The only evidence as to notice given to the defendant in regard to the plaintiff's intention to bring suit on the note was the testimony of the plaintiff's attorney that prior to the filing of the suit he had given to a friend a copy of the notice attached to the petition, with a request that he hand it to the defendant, and the defendant admitted to the witness that this had been done, and also said he had instructed his (the defendant's) attorney to make no defense as to attorney's fees. The attorney nowhere in his testimony, however, gave any dates, nor did he say that the notice was given as much as ten days before the last return day as required by law, nor did he say that the defendant admitted receiving the notice more than ten days prior to the filing of the suit. Civil Code, § 4252. In the absence of any positive testimony whatever in support of this material allegation, we think the court erred in directing that the attorney's fees be included in the verdict. It is therefore ordered that the plaintiff write off the attorney's fees from the judgment in this case, and, when this is done, that the judgment be affirmed.

*Judgment affirmed, with direction. Broyles, J., not presiding.*