## STANDHARDT v. HARDIN.

A physician brought suit in the municipal court of Atlanta, to recover a
fee of $100 alleged to be due him for services in performing an opera-
tion.   That court is one of limited jurisdiction, and as to amount is
limited to cases involving not more than $500 principal (Acts 1913, pp.
145, 158).   The defendant in that action brought suit in the city court of
Atlanta against the physician, seeking to recover $5,000 for damages
alleged to have been sustained by reason of unskilfulness and negli-
gence in the performance of the operation.   That court has no equitable
jurisdiction.   Subsequently he filed an equitable petition in the superior
court, seeking to have the entire matter determined in one litigation.
No cause for setting off a claim sounding in tort against one sounding
in contract (such as insolvency or non-residence of the plaintiff in the
first suit) was shown.   Held, that there was no error in refusing to
enjoin the plaintiff in the municipal court from proceeding therein.

> APRIL 15, 1916.

Petition for injunction.   Before Judge Pendleton.   Fulton su-
perior court.   November 27, 1915.

Otto E. Standhardt filed his equitable action against Dr. L.
Sage Hardin, alleging in substance as follows:   On March 30,
1915, the defendant operated on the plaintiff for the purpose of
removing a hernia.   The operation was so unskilfully and negli-
gently performed as to greatly injure and damage the plaintiff,
the damages being laid at $5,000.   The defendant brought suit
against the plaintiff in the municipal court of Atlanta for $100 for
his fee for performing the operation.   That court is one of limited
jurisdiction, and it could not award to him the damages claimed

by him (Acts 1913, pp. 145, 158). The plaintiff brought suit against the defendant in the city court of Atlanta to recover damages in the sum of $5,000 for the injury done to him. He prays, that the defendant be enjoined from prosecuting the suit in the municipal court; that the defendant be required to plead in this case, so that all of the issues may be decided in it; and that the plaintiff recover judgment for $5,000.

The defendant demurred and answered. On the hearing of the application for an interlocutory injunction it was denied, and the plaintiff excepted. ·

*T. B. Felder* and *L. J. Grossman,* for plaintiff.

*E. A. Neely* and *Leonard Haas,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) The present plaintiff's cause of action against the defendant, as alleged, was one sounding in tort. He brought suit upon it as such in the city court of Atlanta, a court having jurisdiction to try it. The defendant's cause of action against the plaintiff was one arising on a contract, express or implied, for the recovery of a fee claimed to be due to him for services as a surgeon. The general rule is that a claim for damages arising from a tort can not be set off against one based on a contract. To this rule some exceptions have been made in cases involving special circumstances, such as insolvency or non-residence of the plaintiff against whom the set-off is desired to be established, which renders· an appeal to a court having equitable jurisdiction proper in order to get the benefit of the set-off and to have complete relief. Civil Code (1910), §§ 5521, 4350, 4351, 4353; *Ingram* v. *Jordan,* 55 *Ga.* 356; *McKleroy* v. *Sewell,* 73 *Ga.* 657; *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74) ; *Potts-Thompson Liquor Co.* v. *Capital City Tobacco Co.,* 137 *Ga.* 648 (74 S. E. 279) ; *Johnson* v. *Reeves,* 112 *Ga.* 690 (37 S. E. 980). In this case no such circumstances are made to appear. The present defendant brought, in one court, against the present plaintiff an action based on contract. The present plaintiff brought suit, in another court, against the defendant. He did not sue for any breach of contract, but for a tort. He now wishes to go into the superior court, by an equitable suit, and have the controversies tried there. The case is unlike that of *English* v. *Thorn,* 96 *Ga.* 557 (23 S. E. 843), where a suit was brought on a contract in a court having no equitable jurisdiction,

and it was necessary for the defendant to obtain a reformation of the contract in order to let in his defense.

There was no error in refusing to grant the interlocutory injunction.            *Judgment affirmed.   All the Justices concur.*