*Norman Shattuck, Henry & Jackson,* contra.

---

14238. AVERA LOAN & INVESTMENT COMPANY *v.* JACKSON.

JENKINS, P. J. "If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party." Civil Code (1910), § 4296. "Fraud voids all contracts." § 4254. "A contract may be rescinded at the instance of the party defrauded; but in order to the rescission he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." § 4305. In the instant suit upon a combined note and security deed, seeking a general and a special judgment against the maker, where the undisputed evidence showed, and the plaintiff in effect admitted, that the instrument had been altered, without the agreement or consent of the maker, by the insertion by the plaintiff's

agent of an additional tract of land not originally therein, the court properly directed a verdict for the defendant. The amendment whereby the plaintiff sought to limit his prayer to a general judgment only was properly disallowed, since the defendant, under his plea setting up a fraudulent alteration, was entitled to have the admitted contract rescinded as prayed for, it further appearing that he had received and retained no benefits thereunder, and had never obtained any deed from the plaintiff for the property represented by the note, and that he offered and tendered a quitclaim deed to the same, and that the court in its judgment decreed the title to the property to be in the plaintiff. *Shaw* v. *Probasco*, 139 *Ga.* 481 (3, 4, 5) (77 S. E. 577), and cases cited.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 25, 1923.

Complaint; from Marion superior court — Judge Munro. October 24, 1922.

*Benjamin J. Fowler,* for plaintiff.

*W. D. Crawford, W. B. Short,* for defendant.