### 22441. OLIVER *v.* LANE.

SUTTON, J. 1. It was not error to allow the plaintiff to testify that the proceeds of a check for $340, sent by the defendant to his mother and made payable to her, were credited on a note which this defendant owed his mother, and not on the note held by the plaintiff, which is sued on in this case, in that the written evidence of the credit on the back of the note held by his mother was the highest and best evidence. Such parol testimony was not subject to the objection urged. The note held by the mother of the defendant, on which the credit was testified to have been entered, was not the note sued on in this case and was in no sense the foundation of the suit or defense. In these circumstances section 5752 of the Civil Code (1910) does not apply. *Continental Trust Co.* v. *Bank of Harrison,* 36 *Ga. App.* 150 (2) (13 S. E. 319).

2. The defendants in their plea denied that they received a notice for attorney's fees. The evidence introduced upon the trial of the case was sufficient to show that the defendants received the notice for attorney's fees, but was not sufficient to show that they received this notice ten days before the filing of the suit in this case, and, as this is required by statute, the part of the verdict for attorney's fees was unauthorized by the evidence. Civil Code (1910), § 4252; *Shaw* v. *Probasco,* 139 *Ga.* 481 (6) (77 S. E. 577); *Bennett* v. *Gilmer,* 15 *Ga. App.* 651 (2) (84 S. E. 151).

3. The evidence having authorized the verdict except as to attorney's fees, the judgment of the court below is affirmed on condition that at the time

the remittitur from this court is made the judgment of the trial court the plaintiff will write off the amount of attorney's fees included in the verdict and judgment. If this be not done, the judgment is reversed. All costs of the writ of error are taxed against the defendant in error.

*Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 19, 1932.    REHEARING DENIED DECEMBER 8, 1932.

*A. G. Liles, Ed Quillian,* for plaintiffs in error.
*M. V. Higdon, Frank A. Bowers,* contra.