### 23142.   DARDEN *et al. v.* FEDERAL RESERVE BANK OF ATLANTA.

DECIDED MARCH 3, 1934.

*L. L. Meadors,* for plaintiffs in error.

*M. U. Mooty, R. W. Martin,* contra.

MACINTYRE, J.   ■   The defendant's plea alleged that the liquidating agent Henderson, in charge of the affairs of the LaGrange Banking and Trust Company, was agent for the Federal Reserve Bank, and that the field representative Gary of the Federal Reserve Bank and Henderson accepted $1426.46 and a deposit in the defunct bank, the LaGrange Banking and Trust Company, of $576.87, in full settlement of two notes (one of which is the subject of this suit) for $1000 each, or a total of $2000. Around this issue the case proceeded before the jury. After the evidence closed, the court directed a verdict for the plaintiff for the amount sued for, including ten per centum additional as attorney's fees. The testimony

relating to the transaction between the liquidating agent in charge of the LaGrange Banking and Trust Company and the field representative of the Federal Reserve Bank showed no authority of the agents to accept less than the full amount of the principal's debt. An agent to collect can not accept less than the full amount of his principal's claim without authority from the principal. *Kight* v. *Stephen Putney Shoe Co.,* 137 *Ga.* 493 (73 S. E. 740) ; *Swindell* v. *Bainbridge State Bank,* 3 *Ga. App.* 364 (60 S. E. 13) ; *Wilkins* v. *Friedman,* 37 *Ga. App.* 141 (139 S. E. 113) ; *Fowler* v. *Federal Intermediate Credit Bank,* 45 *Ga. App.* 149 (164 S. E. 102).

The testimony does not bring this case within the rule that, if the agents had been accustomed to make certain contracts for the corporation and it had acquiesced in them, it would be bound by contracts of that kind entered into by them; it does not show that the agents ever before assumed authority to settle debts of the principal without referring the matter to the principal for approval. *Brown* v. *Bass,* 132 *Ga.* 41 (63 S. E. 788) ; *Bank of Lenox* v. *Webb Naval Stores Co.,* 171 *Ga.* 464 (156 S. E. 30). The foregoing ruling disposes of the exception of the plaintiff in error to the action of the trial judge in directing a verdict for the plaintiff; but we are further of the opinion that if the evidence disclosed authority on the part of the agents to accept less than the amount of the plaintiff's claim, it wholly fails to show any agreement on the part of such agents to take less than the full amount of the notes. H. C. Darden testified that when he received notice from the officers in charge of the LaGrange Banking Company that they had the notes for collection, he went to see them, and that Mr. Gary, representative of the Federal Reserve Bank, refused to accept the check in settlement of the notes but said "I would have to settle with Mr. Henderson, and if I settled with Mr. Henderson it would be perfectly all right with the Federal Reserve Bank; they would then look to the La-Grange Banking and Trust Company for their money." He then called on Mr. Henderson, in the presence of Mr. Gary, and after discussing the set-off claimed by him with Mr. Henderson, he (Mr. Henderson) "reached over and picked up my notes" and "I passed him the check for $1426.46. Mr. Gary was sitting there. I told Mr. Henderson Mr. Gary said I would have to make settlement with him; if it was satisfactory with him it would be satisfactory with the Federal Reserve Bank. Mr. Henderson said: 'Well, I

*can't give you both of these notes. I will mark one paid right here before you in ink and credit this other note by this amount.'"* He further testified that "Mr. Henderson said that he wanted to keep the note, so that as they paid dividends that he might *credit* them on the back of that note and keep his record clear." His testimony further shows that all his checks had marked on the back of them that "This check is given in settlement of account as listed below, and by endorsement the payee accepts it as such. No other receipt is necessary or desired;" and that these words were marked through with ink and signed by him right under the words marked out; that Mr. Henderson told him that he could not accept the check with that written on it and that it was marked out at his insistence. This evidence shows that the agent Henderson knew of the contention of Mr. Darden and that he recognized the fact that he did contend for a set-off in the amount of his bank deposit in the LaGrange Banking Company, but we do not understand it to show any agreement on his part to accept the check in payment; the testimony expressly negatives such fact. For this further reason we are of the opinion that the trial judge did not err in directing a verdict.

■ The Federal Reserve Bank of Atlanta had the right to maintain the present action. Civil Code (1910), § 5516; *Turk* v. *Cook,* 63 *Ga.* 681; *Kirkland* v. *Dryfus,* 103 *Ga.* 127, 130 (29 S. E. 612).

The defendants in their plea deny that they received the notice required as a condition of recovery of attorney's fees under section 4252 of the Civil Code (1910). The evidence on the trial was not sufficient to show that the defendant received the notice ten days before the filing of the suit. The part of the verdict for attorney's fees was unauthorized by the evidence. *Shaw* v. *Probasco,* 139 *Ga.* 481 (6) (77 S. E. 577); *Bennett* v. *Gilmer,* 15 *Ga. App.* 650 (2) (84 S. E. 151); *Oliver* v. *Lane,* 46 *Ga. App.* 136 (167 S. E. 116).

The grounds of the amended motion for a new trial not dealt with above are without merit.

The judgment is affirmed on condition that the plaintiff in the trial court write off the amount of attorney's fees included in the verdict and judgment, at the time the remittitur from this court is made the judgment of the trial court; otherwise the judgment is reversed.

*Judgment affirmed on condition. Broyles, C. J., and Guerry, J., concur.*