## 26494.  TROTTER v. LUNCEFORD.

DECIDED FEBRUARY 22, 1938.

*J. A. Mitchell,* for plaintiff.

*Lawson E. Thompson,* for defendant.

GUERRY, J. ■ Where one is sued in a justice's court upon a contract express or implied, he can not, in defense of such action, set up a claim against the plaintiff arising ex delicto. *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74) ; *Ray* v. *Anderson,* 119 *Ga.* 926 (47 S. E. 205) ; *Standhardt* v. *Hardin,* 145 *Ga.* 147 (88 S. E. 565) ; *Swift* v. *Oglesby,* 8 *Ga. App.* 540 (70 S. E. 97). In the present case the plaintiff sued the defendant on an alleged claim for services rendered, evidenced by a certain check given by defendant to the plaintiff. The defendant offered an amendment to her original answer setting up the unlawful taking of certain personal property by the plaintiff, belonging to the defendant. The justice properly rejected this amendment upon objection of plaintiff.

2. "Only mutual demands of the same nature can be set off against each other; but the debts need not grow out of the same transaction, nor be the result of mutual dealings, nor have arisen between the same parties. Hence a transferred chose in action which can be sued on in the name of the assignee may be used as a set-off." *Nix* v. *Ellis,* 118 *Ga.* 345 (45 S. E. 404, 98 Am. St. R. 111). However, an assignment of a chose in action must be in writing. *Turk* v. *Cook,* 63 *Ga.* 681; *Riley* v. *Hicks,* 81 *Ga.* 265 (7 S. E. 173) ; *Kirkland* v. *Dryfus,* 103 *Ga.* 127 (29 S. E. 612). And a plea of set-off is not good unless it affirmatively alleges that the assignment was in writing (*Foster* v. *Sutlive,* 110 *Ga.* 297, 34 S. E. 1037; *Thornton* v. *Reeve,* 41 *Ga. App.* 446, 153 S. E. 436), and also alleges facts showing that the demand against the plaintiff which the defendant therein seeks to set up was in existence and due to the latter by the former at the time his action was begun. *Walters* v. *Eaves,* 105 *Ga.* 584 (32 S. E. 609) ; *Fuller* v. *Coker,* 24 *Ga. App.* 418 (101 S. E. 1). Under the above rulings the justice of the peace did not err in rejecting the amendment which sought to set off against the plaintiff's claim a claim due by the plaintiff to the defendant's father.

■ The present suit was for the recovery of $20, for certain services rendered by the plaintiff to the defendant, evidenced by a check which was attached to the summons. The evidence showed that the plaintiff did not render the entire services contracted for.

360

The defendant testified that the services actually rendered were of no value. The action is to be construed as one on a check. The plea of the defendant was that the check was given for services rendered and to be rendered during the week ending March 14, 1936, and that the plaintiff refused to work the period for which said check was given. The evidence for the defendant was that the plaintiff was to get $20 per week; that he was present on the job Monday, Tuesday, and Wednesday, but that he did practically nothing on those days and that his services were worthless. He was given the check on Thursday and worked no more during the week. We do not think the case of *Hill* v. *Balkcom,* 79 *Ga.* 444 (5 S. E. 200), applicable so as to prevent a recovery on the check for that part of its consideration which was valid. The plea may amount to a total failure of consideration, but where the evidence for the plaintiff shows a partial failure only, he may nevertheless recover for the value of the services shown. The fact that there was also included in the check an amount for future services does not preclude a recovery on the check itself for the value of the services which had already been performed. Whether these services had any value or not was a question for the jury, and it was error for the court to tell the jury "to find for the plaintiff, for the number of days he worked, if any." The defendant had sworn that the plaintiff's services were worthless. If so, he could not recover. The jury and not the court must pass on this issue. For this reason the court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*