### ATTAWAY *v.* ATTAWAY.

BELL, Justice. In response to a rule nisi requiring the defendant to show cause why he should not be attached for contempt by failure to pay his wife certain sums of money awarded to her by a judge of the superior court as temporary alimony, and other sums awarded by verdict and decree as permanent alimony, both payable in monthly instalments, the defendant pleaded, among other things, that he had recovered in a city court a judgment against his wife, for the value and hire of an automobile, in a stated sum which "would more than satisfy the plaintiff's demand." It appeared that this was a default judgment, and that it was rendered after the original judgment for temporary alimony but

before the judgment for permanent alimony; also that, some time after it was rendered, the court on an ancillary petition of the wife enjoined its enforcement and allowed the automobile itself as temporary alimony, at the same time adjudging the defendant in contempt for failure to pay the instalments of alimony previously accruing. This latter judgment was never reversed or set aside. On these facts, the judge in this the second contempt proceeding refused to allow the defendant credit for the judgment for the value and hire of the automobile, as against the judgments for alimony, and again adjudged him in contempt. To this judgment the defendant excepted. There is no claim that the defendant should have been given credit for the automobile itself; but the sole question raised is as to the right of the defendant to have the judgment therefor, as rendered in the city court, allowed as a credit against the judgments for alimony. *Held:*

1. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201.

2. A judgment for alimony, being based upon the obligation imposed by law upon a husband to support his wife, can not be extinguished or satisfied by setting off a judgment in his favor and against his wife for the value and hire of an automobile, as the set-off would mean nothing in the way of such support. See, in this connection, *Kirby* v. *Johnson,* 188 *Ga.* 701 (2 *b*) (4 S. E. 2d, 643); *Hannah* v. *Hannah,* 191 *Ga.* 134 (11 S. E. 2d, 779); Romaine *v.* Chauncey, 129 N. Y. 566 (29 N. E. 826, 14 L. R. A. 712, 26 Am. St. R. 544); Brenger *v.* Brenger, 142 Wis. 26 (125 N. W. 109, 26 L. R. A. (N. S.) 387 (9), 391, 135 Am. St. R. 1050, 19 Ann. Cas. 1136); Fickel *v.* Granger, 83 Ohio, 101 (93 N. E. 527, 32 L. R. A. (N. S.) 270, 21 Ann. Cas. 1347); 19 C. J. 298, § 685; 17 Am. Jur. 415, § 508; Malone *v.* Moore, 204 Iowa, 625 (215 N. W. 625, 55 A. L. R. 361). As further illustrating that the principles relating to set-off are not applicable in such case, see Code, §§ 3-113, 20-1302, 37-308, 39-605; *Fuller* v. *Kitchens,* 57 *Ga.* 265; *Johnson* v. *Reeves,* 112 *Ga.* 690 (37 S. E. 980); *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74); *Southern Railway Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658 (50 S. E. 488); *Sheffield* v. *Preacher,* 175 *Ga.* 719 (2), 722 (165 S. E. 742, 84 A. L. R. 1159).

3. In view of the previous judgment enjoining the defendant from enforcing the judgment for the value and hire of the automobile, the existence of this judgment did not furnish basis for a claim of good faith, such as would absolve the defendant as a matter of law from the charge of contempt. Compare *Boyette* v. *Boyette,* 192 *Ga.* 604 (15 S. E. 2d, 871).

*Judgment affirmed. All the Justices concur.*

JENKINS and DUCKWORTH, Justices, concur specially on basis of the ruling in note 3, but not in all that is said in the remaining notes.

No. 13887. OCTOBER 16, 1941.

*Linton S. James* and *Joe Hill Smith,* for plaintiff in error.
*Chalmers, Jackson & Garner,* contra.